FRANCIS M. WOODWARD, Respondent, v. SOLOMON CONDER, Appellant.

St. Louis Court of Appeals, December 11, 1888.

1. **Contract**: TRESPASS: LANDLORD AND TENANT. Where it was agreed that defendant should cut and harvest the grass on the plaintiff's lot, and should receive as compensation therefor one-half of the hay so harvested, this did not establish the relation of landlord and tenant between the parties; and if the plaintiff afterwards permitted a third person to harvest a part of the same crop, the defendant's only remedy would be in an action for breach of the contract. The defendant could not enter upon the premises by force, and without the plaintiff's consent, and haul away part of the crop harvested by such third person, without being liable to the plaintiff for the trespass.

2.  Counter-Claim: STATUTORY PENALTY. The defendant cannot set up a counter-claim in an action for the statutory penalty under section 3921, Revised Statutes

*Appeal from the Knox Circuit Court.*—HON. BEN. E. TURNER, Judge.

AFFIRMED.

*L. F. Cottey* and *G. R. Balthrope*, for the appellant.

We say that plaintiff's action cannot be maintained under section 3921, Revised Statutes, because it is clearly shown by the evidence that defendant took no hay or other thing except what belonged to him. Before trespass can be made out under this section it must be shown that he has taken something "in which he has no interest or right, standing, lying or being on land not his own." Plaintiff's action being bottomed on the charge that defendant had converted the hay in controversy to his own use and the evidence having disclosed the fact that the whole controversy originated out of a rental agreement subsisting between plaintiff and defendant it was proper and right for defendant to plead as counter-claim the hay alleged in his answer to have been taken by plaintiff, and the court erred in giving, at the instance of plaintiff, instruction numbered five. *Kamerick v. Castleman*, 23 Mo. App. 481; *Ritchie v. Haywood*, 71 Mo. 560; *Emery v. Railroad*, 77 Mo. 339. If it be held that plaintiff and defendant were joint tenants as to the harvested hay, then plaintiff's action will not lie, because one joint tenant cannot maintain trespass against another. *Johnson v. Hoffman*, 53 Mo. 504; *Kamerick v. Castleman*, 23 Mo. App. 481. If it be held they were not joint tenants, then it must follow that defendant was in the actual possession of the premises under his rental agreement with plaintiff and hence plaintiff could not maintain this action of trespass, because he was not in the possession of the premises at

the time of the alleged trespass.  *McMenany v. Cohick*, 1 Mo. App. 529 ; *Masterson v. West End*, 5 Mo. App. 575 ; *Fuhrer v. Langford*, 11 Mo. App. 286..

*O. D. Jones* and *W. C. Hollister*, for the respondent.

It is admitted that the land was plaintiff's ; that defendant broke open the gate and entered with force. Whether he "had any interest or right in the hay" is the question.   The evidence of defendant himself warranted the first and second instructions given for plaintiff, whether the petition be treated as one on section 3921 or a common-law count for trespass.   For a party must not take the law into his own hands, even if he "had probable cause to believe that the land on which the trespass is alleged to have been committed, or that the thing so taken or carried away, was his own."   Sec. 3924. Here there is no pretense the land was his and only a pretense the hay was.   Defendant is not injured by the instruction complained of here, numbered five.   In the answer he alleges "the same ( hay ) was divided between plaintiff and defendant," and the undisputed evidence is he hauled away all cut on the east twenty of the forty.   Then what more does he want on his own theory. Since defendant says in the answer the hay was divided when he and plaintiff both hauled it away—the only question left is whether defendant got more than his own, since he got all he claims.   Either party has a right to enter "to gather or divide but not to take by force."

THOMPSON, J., delivered the opinion of the court.

This action was brought in the circuit court for treble damages for a trespass upon the land of the plaintiff, under the provisions of chapter 67 of the Revised Statutes.   The trespass laid in the petition consisted in breaking down the gate of the plaintiff's enclosure and

carrying away a quantity of hay belonging to the plaintiff in which the defendant had no interest or right. The answer set up as a special defense, in substance, that there was a contract between the plaintiff and the defendant, by which it was agreed that the defendant should cut all the hay on a certain forty acres of the plaintiff's land, for which he was to receive as a compensation one-half of the hay. The answer does not state the contract in this language, but described it as a renting; but this is the substance of the contract which it sets up. It also pleads, as a counter-claim, the conversion by the plaintiff of a certain portion of the defendant's one-half of this hay.

It appeared at the trial that the plaintiff had two forty-acre tracts in meadow; that he desired to have the grass on these tracts cut, cured and put away as quickly as possible; that, to this end, he made arrangements with his brother, Daniel Woodward, to harvest the grass on the west forty and with the defendant to harvest that on the east forty; that the arrangement between the plaintiff and the defendant was that if Daniel Woodward completed the harvesting of the grass on the west forty before the defendant completed the harvesting of that on the east forty, Daniel Woodward was to come over and cut so much as should remain standing on the east forty until the machines of the two should come together. Under this agreement, the defendant went to work to cut the grass off the east forty, and worked upon it one entire day, cutting perhaps nineteen acres. He got to work the next morning before day-light, in the race of diligence which this peculiar contract excited between him and Daniel Woodward, only to find an employe of the latter at work with his machine on the east forty ahead of him. This led to a controversy, which resulted in Daniel Woodward preventing the plaintiff from cutting a considerable portion, it seems half, or nearly half, of what remained uncut on the east forty. All that was

cut on the east forty by the defendant and by Daniel Woodward was stacked on the land in such a manner, the evidence tends to show, as to be susceptible of easy division into two equal parts.

The defendant's view of his rights under this contract was and still is, that, under the circumstances, he had a right to cut all the grass on the east forty-acre tract,—he claiming that, at the time when he was prevented from going on with the work by Daniel Woodward, the latter had not completed harvesting the grass on the west forty-acre tract. And it was the view of the defendant, and it is still the view of his counsel, that, under this contract, he acquired an interest in one-half of the grass which stood on the east forty-acre tract; so that when Daniel Woodward came over and cut a part of it he simply cut it to the use of the defendant, in such a sense as gave to the defendant a right to one-half of all that Daniel Woodward cut. The idea of the defendant was, and the idea of his counsel is, as shown by the terms in which the answer was drawn, and by the printed argument made in this court, that this contract between the plaintiff and the defendant was a contract of lease, such as gave the defendant a right to the possession of the land and a right to enter upon it for the purpose of removing his share of the crop, and that he cannot be made a trespasser for exercising this right.

The trespass complained of consisted in the fact that the defendant entered upon the land and hauled away about one-fourth of the hay which had been harvested from the east forty-acre tract, after which Daniel Woodward, acting under the authority of the plaintiff, nailed up the gate, with the view of preventing the defendant from hauling away any more, and forbade his doing so. The plaintiff broke open the gate and continued hauling until he had hauled away substantially one-half of the hay harvested upon the entire forty-acre tract,—thus carrying away what, under his

peculiar view of the nature of the contract, he regarded as his own.

The trial took such a course that the jury desired to find a verdict for the defendant, but, under the instructions of the court, were obliged to find a verdict for the plaintiff for nominal damages. From the judgment entered in pursuance of this verdict the defendant appealed.

Upon any view of the case, there can be no doubt that the plaintiff was entitled to a judgment for nominal damages. Without entering upon the subject of the distinction between a lease and a license, it is enough to say that the case of *Boone v. Stover*, 66 Mo. 430, shows that it is an entire misconception of this contract ( which was a mere oral agreement) to regard it as a lease, or as creating the relation of landlord and tenant. It was merely a contract by which the defendant undertook to do something upon plaintiff's land, for the doing of which he was to receive in kind one-half of the property which should be gathered and secured by his labor. It was, at most, a contract to perform work and labor, accompanied with a license to enter upon the plaintiff's land for the purpose of performing it and of taking away his share of the fruits of it. It is not necessary, for the purposes of the case as it is now presented to us, to controvert the position that, in so far as this contract gave the defendant the right to one-half of the hay which he actually harvested under it, it gave him a license coupled with an interest which it was not competent for the plaintiff to revoke, namely, a license to enter upon the land for the purpose of removing his part of the hay which he actually cut. This part of the hay, it may be conceded for the purpose of argument, became his own, and it may also be conceded, for a like purpose, that the law would not make him a trespasser for entering upon the plaintiff's land to take and carry away his own.

But this contract gave him no interest in or right to so much of the hay as was cut by Daniel Woodward. If the plaintiff, in violation of his contract with the defendant, allowed Daniel Woodward to enter upon the east forty-acre tract and cut and harvest a portion of the hay growing on that tract, the defendant is remitted for his damages to a mere action against the plaintiff for a breach of the contract. The evidence shows that he entered upon the plaintiff's land and carried away hay which he had not cut under the contract. This made him a trespasser and liable at least for nominal damages.

The counter-claim of the defendant set up that after the hay had been divided, the plaintiff carried away about three tons of the defendant's portion, of the value of twenty dollars. The court instructed the jury to disregard this counter-claim. If this counter-claim could have been properly pleaded in this case, it was because it grew out of the " transaction set forth in the petition as the foundation of the plaintiff's claim," or was " connected with the subject-matter of the action." R. S. sec. 2532. If this were an ordinary action for damages for a tort the question whether this counter-claim was properly pleadable would perhaps be debatable; but this is an action for a statute penalty, namely, for treble damages. The action is quasi-criminal in its nature, and the court here is of opinion that the statute in regard to counter-claims does not apply to such an action.

The judgment is accordingly affirmed. All the judges concur.