ATLAS P. BRYANT, Appellant, v. JAMES D. DYER, et al., Respondent.

Kansas City Court of Appeals, November 3, 1902.

1. **Replevin: OWNERSHIP: OUTSTANDING TITLE.** In action of replevin, if the plaintiff is not sole owner, but merely owner of an undivided part of the replevined property, he can not recover.

2. **Contracts: PERFORMANCE: TITLE.** Where a party is to have a one-sixth interest in hay if he helps to harvest the same, then his title does not accrue until he has performed the work.

3. ——: ——: ——: **POSSESSION: REMEDY.** Plaintiff was to harvest defendant's hay for one-half thereof. The parties met in the field and divided the hay as it stood, by a swath. Defendant's part was to be cut first. This plaintiff did in part and left to do another job. During his absence defendant had the balance of his part and part of the other harvested by other parties. Plaintiff then returned and cut the remainder of the part assigned to him, which he removed, and then brought replevin against the defendant and his harvesters for the remainder of the part assigned to him under the original agreement. *Held*, as he had never been in possession of the land and had no possession of the part cut by defendant, he could not maintain replevin therefor and his remedy was for breach of contract.

Appeal from Johnson Circuit Court.—*Hon. W. L. Jarrott*, Judge.

AFFIRMED.

STATEMENT BY BROADDUS, J.

During the month of June, 1900, appellant and the respondent, James D. Dyer, entered into an oral contract by which appellant was to undertake to cut and put up forty acres of timothy and clover hay belonging to and growing on land owned by the wife of respondent, James D. Dyer, and was to receive the one-half part

thereof for putting up the same. On July 2, appellant and said respondent, James D. Dyer, went to said meadow, opened the fence and entered into and upon the same, and divided it by cutting a swath through the center thereof, from east to west, and said respondent took the north half and the appellant took the south half, and appellant was to put up respondent's part before beginning on his own. It was agreed, as is shown by the evidence of appellant and witness P. L. Maslin, at the time the hay was divided that appellant should have the privilege of stopping said work and putting up seventy-five acres of flax when the same became ripe.

Appellant cut and put up from ten to twelve acres of said respondent's portion—filled his barn—and then stopped to cut and put up his flax crop, leaving a small portion of the amount cut in shocks on the ground and also left his mower in the field. He was out seven days putting up the flax, and returned to complete his contract to cut and put up the hay.

While appellant was at work in his crop of flax, said respondent entered into an agreement with respondents, Morrison Downing and Fred Wonderly, and one Miles Dyer, to take charge of and cut the balance of said meadow, the one-half part for the other, and the said parties took charge of the same and had almost finished the work when appellant returned to complete his contract. Appellant cut and put up several acres which they had left standing in a strip on the north half, into ricks; and then demanded possession of the hay which respondents had harvested on the south half—the part claimed by appellant—from respondent, James D. Dyer, after having tendered him the sum of ten dollars in full payment for the work done by respondents on the north half of said meadow; but he refused to surrender or deliver possession of the same to appellant and to accept said tender.

Appellant thereupon instituted this action of replevin before a justice of the peace where the cause was tried and appeal taken to the circuit court, in which court there was a trial anew. At the close of the plain-

tiff's case defendants filed a demurrer to the evidence which was overruled. At the close of the evidence on both sides the plaintiff dismissed as to Miles Dyer and the defendants renewed their motion for judgment on the grounds that there was a misjoinder of both parties plaintiff and defendant and that he had no property in the hay. This motion was sustained, where-upon plaintiff took a nonsuit.

*Jas. A. Kemper* for appellant.

(1) Prior lawful possession alone is sufficient to maintain replevin as against a wrongdoer or one who can not show a better title in himself. A prior lawful possession is prima facie evidence of ownership. Boot and Shoe Co. v. Bain, 46 Mo. App. 581; Grocer Co. v. Shackelford, 56 Mo. App. 664; Pallen v. Bogy, 78 Mo. App. 97; Shinn on Replevin, sec. 200, page 196, and authorities cited. (2) Having shown a prior lawful possession, and the wrongful taking thereof by the defendants, plaintiff has made out a prima facie case, and is entitled to judgment, unless the defendants show affirmatively, a greater right, in themselves to the possession of said property than the plaintiff has. Randol v. Buchanan, 61 Mo. App. 445. (3) Plaintiff acquired the full and complete possession of the forty-acre tract described in his complaint for the purpose of harvesting the crop growing thereon, and, for said purpose, his possession was absolute and exclusive. This is true whether the party claiming said possession is mortgagor, a tenant, a licensee or a mere trespasser. Adams v. Leap, 71 Mo. 597; McAllister v. Lawler, 32 Mo. App. 92; Avitt v. Farrell, 68 Mo. App. 667. (4) Having taken or acquired possession and control of said premises and the hay growing thereon, it becomes a question of fact for the jury to determine as to whether or not plaintiff lost or abandoned said possession. Adams v. Leap, 71 Mo. 597; McAllister v. Lawler, 32 Mo. App. 92; Grocer Co. v. Shackelford, 56 Mo. App. 664; Shinn on Replevin, sec. 200, p. 196, also

sec. 595, p. 535.   (5) Whether or not the title passes
to the grantee upon delivery is purely a matter of in-
tention of the parties, to be determined by all the facts
and circumstances surrounding the transaction and the
acts and conduct of the parties.    Reissner v. Oxley, 80
Ind. 584; Tiedeman on Sales, sec. 202, page 301, and
sec. 83, page 105; 21 Amer. and Eng. Ency. of Law
(1 Ed.), page 478, and note 3.   (6) The title to plain-
tiff's share or portion of the said crop of hay passed to
and vested in him upon delivery of possession thereof.
Title always passes upon delivery of personal property,
unless it be expressly reserved in the grantor, or unless
something remains to be done in order to estimate and
determine the property sold.    Boot and Shoe Co. v.
Bain, 46 Mo. App. 581; McAllister v. Walker, 69 Mo.
App. 496; Tiedman on Sales, sec. 85, page 116, also
sec. 86, page 121; 1 Benjamin on Sales (4 Am. Ed.),
secs. 316 and 317, pages 328 and 327; secs. 331 and
332, page 337; sec. 418, page 392; sec. 421, page 394;
People to use v. Sheehan, 77 N. W. 88.   (7) The fact
that appellant agreed to cut and put up respondent's
(Dyer's) part first is not a condition precedent, any
more than his agreement to fill Dyer's barn first is a
condition precedent.    Ober v. Carson's Ex., 62 Mo.
209.

*Nick M. Bradley* and *J. W. Suddath* for respond-
ents.

(1) "Where the right of action is alleged to be in
one, there is a fatal variance where proof shows it to
be in two or more."   Upham v. Allen, 76 Mo. App.
206; Thieman v. Goodnight, 17 Mo. App. 429; Deyerle
v. Hunt, 50 Mo. App. 541.   (2) In order to maintain
replevin the plaintiff must have in himself the right
of property, general or special, coupled with right of
immediate possession.   Andrews v. Costican, 30 Mo.
App. 29; Gartside v. Nixon, 43 Mo. App. 138; Poe v.
Stockton, 39 Mo. App. 550.   (3) "Where the buyer is
by contract bound to do anything as a consideration,

either precedent or concurrent, on which the property depends, the property will not pass until the condition be fulfilled." Abbotts' Trial Ev., p. 317, sec. 3; Cardinell v. Bennett, 52 Cal. 476; Berry v. Waterman, 71 Miss. 498; 15 So. 234; U. S. v. Woodruff, 89 U. S. 863; 21 Am. and Eng. Ency. of Law (1 Ed.), p. 633; Benjamin on Sales (2 Ed.), p. 236. (4) "Where there is only an agreement to sell and not a sale executed, an action for possession can not be maintained; the remedy is an action for damages arising from breach of the contract." Suggett's Admr. v. Cason's Admr., 26 Mo. 221; Cardinell v. Bennett, 52 Cal. 476; Berry v. Waterman, 71 Miss. 498 (15 So. 234). (5) Where it was agreed that defendant should cut and harvest the grass on plaintiff's lot and receive as compensation therefor one-half the hay so harvested, this did not vest any title in defendant and he was liable for trespass for taking half claimed by him against plaintiff's protest; his only remedy was for damages. Woodward v. Conder, 33 Mo. App. 147.

BROADDUS, J.—During the trial it was shown by the plaintiff's own evidence that one P. L. Maslin, was to have one-sixth of the hay for helping plaintiff to cut and put it up; that is, after it was cut and put up, he was to have a one-sixth share of plaintiff's half. It is contended by respondents that plaintiff not being the sole owner of the hay, if he was the owner of any part of it, he can not recover. And such is the law, as has long been settled in this State. Upham v. Allen, 76 Mo. App. loc. cit. 212.

But plaintiff contends that Maslin's title was dormant until the hay was cut and put up. The substance of which contention is that his interest in the hay was contingent upon his helping to cut and put it up. If this contention is true, and we are not prepared to deny but that it is, what standing has the plaintiff in court? for it seems that his title is founded upon a similar state of facts. Under his contract with the defendant James D. Dyer he was to cut, house and stack the

north half of the forty-acre meadow for the said Dyer, upon the completion of which he was to have for his services the hay on the south half of said meadow. He only cut, housed and stacked a part of the north half, but was prevented by defendant from completing his contract for cutting all the hay. But it is insisted that possession vested in plaintiff at the time it was agreed that he should have all the hay south of a certain line, drawn from east to west across the meadow, if he would cut and secure for defendant all north of said line. If the matter had rested there and plaintiff had done nothing towards a compliance with his contract, surely it could not be contended seriously that any possession of the hay was in him. It is conceded that the contract was executory merely, but it is asserted that as the plaintiff did actually perform a considerable part of the work in cutting and securing for defendant the hay on the north half of said meadow, that this part performance on his part gave him the possession of all the hay on the south half of the meadow. But he did not cut any part of said south half until after the respondents had cut and put up that part now in controversy; and the part he did cut he was permitted to carry away.

The contract between the parties did not of itself put the plaintiff into possession and it remained in the owner of the meadow. He did not go upon the south half of the ground to cut hay until that in controversy was already cut and in the possession of the other defendant. Had he been permitted to complete the contract, then by reasonable construction thereof he would have been the owner of a certain one-half of the hay. We do not understand that a part performance of a contract of this nature would entitle a party to recover the property itself. The case is similar in principle to that of Woodward v. Conder, 33 Mo. App. 147. It was there held:

"Where it was agreed that defendant should cut and harvest the grass on plaintiff's lot and receive as compensation therefor one-half the hay so harvested,

this did not establish the relation of landlord and tenant between the parties; and if the plaintiff afterwards permitted a third person to harvest a part of the same crop, the defendant's only remedy would be in an action for breach of the contract. The defendant could not enter upon the premises by force, and without the plaintiff's consent, and haul away a part of the crop harvested by such third person without being liable to the plaintiff for the trespass.''

The hay in question here, until severed, was a part of the land and had not been grown by the plaintiff as tenant, and we can not perceive upon what reasonable grounds he could claim to have been in possession of the land, as he must have been in order to have been in possession of the standing crop. It is useless to cite authorities on this question. The plaintiff, in order to recover, was required to show title of some kind and the right to immediate possession. Having failed in that respect, he was not entitled to a finding in his favor and the court was justified in holding that under the evidence he was not entitled to recover. Cause affirmed. All concur.