E. H. STECKMAN, Respondent, v. GALT STATE BANK et al., Appellants.

Kansas City Court of Appeals, November 4, 1907.

1. **CONTRACTS:** Partnership: Profits and Losses: Intention: Evidence. An agreement between two parties provided that M was to care for and dispose of certain horses and turn over to S the proceeds until the purchase price advanced by S was paid, then the two to share and share alike in the profits and losses of the venture. *Held,* the agreement constituted a partnership and the intention of the parties to the contrary cannot be shown.

2. **REPLEVIN: Parties: Joint Interest.** The plaintiff in a replevin action must have the right to immediate exclusive possession and he cannot maintain it where another party has a joint interest in the property.

3. **TRIAL AND APPELLATE PRACTICE: Demurrer to Evidence: Waiving Rights.** Where in replevin a party files a demurrer to the evidence which is overruled, he may on appeal make the point that the plaintiff has only a joint interest with the other in the property; and the fact that after the overruling of the demurrer, he asks instructions on other theory, will not waive such right.

Appeal from Grundy Circuit court.—*Hon. George W. Wannemaker*, Judge.

REVERSED.

*Platt Hubbell* and *George Hubbell* for appellants.

(1) Plaintiff Steckman and his man, McDonald. are joint owners by their own agreement. Myers v. Field, 37 Mo. 439. (2) Since Lengle v. Smith, 48 Mo. 276, is sound law, this case must be reversed, without remanding. The plaintiff has mistaken his remedy. The Supreme Court of Missouri does not regard Lengle v. Smith, supra, as having been overruled. (3) The defendants here are sticking right to their trial court theory, that these demurrers should have been sustained. ~ Kenefick v. Ins. Society, 103 S. W. 961.

*Hall & Hall* for respondent.

(1) Plaintiff and McDonald were not joint owners or partners in the horses as contended by appellants. The testimony clearly shows that it was not the intention of plaintiff or McDonald that McDonald should own or have any interests in the property itself, but that the contrary, thereof is true. The sharing of profits and losses, does not create a partnership. Newberger v. Friede, 23 Mo. App. 637; Roper v. Schaefer, 35 Mo. App. 36; Lockhart v. Forsythe, 49 Mo. App. 659; Wetmore v.

Crouch, 55 Mo. App. 444; Beatty v. Clarkson, 110 Mo. App. 5; Donnell v. Harshe, 67 Mo. 170; Musser v. Brink, 68 Mo. 249, 80 Mo. 350; Ashby v. Shaw, 82 Mo. 80; McDonald v. Matney, 82 Mo. 365; Newspaper Company v. Farrell, 88 Mo. 597; Clifton v. Howard, 89 Mo. 199; Mackie v. Mott, 146 Mo. 254; Sain v. Rooney (Mo. App.) 101 S. W. 1127, 1131; 22 Am. and Eng. Ency. of Law, 24, 31. The case of Lengle v. Smith, 48 Mo. 276, cited by appellant has been overruled; Newberger v. Friede, 23 Mo. App. 637; Wetmore v. Crouch, 55 Mo. App. 444. (2) The question of partnership between plaintiff and McDonald in the property sued for is an afterthought raised by appellant for the first time in his brief and argument in this cause, and as the question was not presented and passed on by the trial court the same will not be considered by this court. Elevator Co. v. Cleary, 77 Mo. App. 301; Huff v. Thurman, 78 Mo. App. 635; Kansas City v. McGovern, 78 Mo. App. 513; Huling v. Stone Co., 87 Mo. 355; Slater v. Lodge, 88 Mo. App. 182; School Dist. v. Matherly, 90 Mo. App. 408; Steele v. Johnson, 96 Mo. App. 156; Smith v. Caldwell, 96 Mo. App. 632; Jones v. Habberman, 94 Mo. App. 4; Walker v. Owen, 79 Mo. 567; Tomlinson v. Ellison, 104 Mo. 112; Harper v. Morse, 114 Mo. 322; State v. Chick, 146 Mo. 661; Horgan v. Brady, 155 Mo. 668; Bank v. Richardson, 156 Mo. 285; Land Co. v. Zeitler, 182 Mo. 275. (3) The horses were the property of plaintiff, and the contract between plaintiff and McDonald did not authorize McDonald to mortgage the horses, much less to mortgage them for his own debt, and his mortgage then and the sale thereunder did not divest plaintiff of his title therein. Benny v. Rhodes, 18 Mo. 147; Benny v. Pegram, 18 Mo. 191; Phillips v. Scott, 43 Mo. 91; Greenwood v. Burns, 50 Mo. 52; Buckwalter v. Craig, 55 Mo. 71; Wheeler & Wilson v. Givan, 65 Mo. 89; Singer Mfg. Co. v. Hudson, 4 Mo. App. 145; Silvers v. Hess, 47 Mo. App. 507; Henson v. Merc. Co.

48 Mo. App. 214; Peek v. Heim, 127 Pa. St. 500, 14 Am. St. Rep. 865; Dolbbiff v. Robbins, 83 Minn. 498, 86 N. W. 772, 85 Am. St. 466; Johnson v. Martin, 87 Minn. 370, 92 N. W. 221, 94 Am. St. 706; McCreary v. Gaines, 55 Tex. 485, 40 Am. 821; Warner et al. v. Martin, 13 L. Ed. 673; Gray v. Agnew, 95 Ill. 315; Roderick v. Coburn, 68 Me. 170; Smith v. Bank, 120 Mo. App. 543, 548. (4) Even though McDonald and plaintiff were partners as claimed by appellants this would not authorize McDonald to mortgage the horses for his individual benefit without the consent of plaintiff. Flanagan v. Alexander, 50 Mo. 50; Hutchinson & Co. v. Brassfield, 86 Mo. App. 45.

ELLISON, J.—This is an action of replevin for several head of horses, in which the plaintiff prevailed in the trial court.

It appears that plaintiff and one McDonald were interested in some horses. These interests came about in the following way: Plaintiff resided in Trenton and owned a farm eight or ten miles out. McDonald lived on the farm under such form of agreement as gave him an interest in some of the stock. McDonald gave a chattel mortgage to defendant on a portion of the stock under which it took possession. The question which concerns the present disposition of the case is the nature of McDonald's interest in the horses taken under the writ in this case. That interest was evidenced by the following contract signed by plaintiff and McDonald: "This agreement by and between E. H. Steckman and F. C. McDonald, Witnesseth: That on September 5, 1905, E. H. Steckman bought of W. B. Carpenter sixteen western horses and three colts and entered into the following agreement with F. C. McDonald whereby McDonald was to take and did take horses and was to feed, care and dispose of same and turn over to Steckman the proceeds until purchase price of five hundred dollars had been paid, then the two to share and share alike in the

profits or losses of the venture." This we regard as a partnership agreement. There is nothing in the case to overcome the presumption that it was a partnership between the parties. The face of the paper does all but say, in terms, that it was a partnership. It provides that McDonald was to take care of the horses and dispose of them and of the proceeds of such disposition he was, from time to time, as he made disposition, to turn over to plaintiff "*until*" the purchase price was returned; and *then* the remainder was to be divided equally, if there was any remainder, and if there was not, the losses were to be so divided. It seems to us that under authority of the following cases the horses were partnership property: Lengle v. Smith, 48 Mo. 276; Torbert v. Jeffrey, 161 Mo. 645; Rankin v. Fairley, 29 Mo. App. 587. It is true that when not in the face of the written contract of partnership itself, parties may show intention as to a partnership; and in this case plaintiff has stated that McDonald had no interest in the horses. But he stated on cross-examination that their purpose was to buy them jointly until he found that McDonald did not have his part of the purchase money, when they made the contract copied above. Manifestly the contract is one of partnership as they at first intended, except that his advance of the purchase price was to be secured to him in the way stated. In keeping with this was the fact that McDonald did make sale and disposal of some of the horses included in the contract but not in this controversy.

Being property in which another had a joint interest plaintiff cannot maintain an action of replevin. He must have the right to the immediate exclusive possession, else he cannot invoke such remedy. [Upham v. Gordon, 73 Mo. App. 224, 76 Mo. App. 206; Spooner v. Ross, 24 Mo. App. 599.]

Plaintiff contends that this objection was not made at the trial and therefore the trial court had not the op-

portunity of passing upon it; and in consequence it ought now to be disallowed to defendant. But it appears that defendant asked a demurrer to the evidence, and that was sufficient to authorize an insistence on the point on appeal. The fact that after the demurrer was overruled defendant asked other instructions on other theories, does not waive whatever point may be properly raised under the demurrer. [Kenefick v. Ins. Co., 103 S. W. 957; 205 Mo. 294.]

It is unnecessary to notice many other points of controversy between the parties. The judgment will be reversed. All concur.