McCABE, Respondent, v. BLACK RIVER TRANS-
PORTATION COMPANY, Appellant.

St. Louis Court of Appeals, May 12, 1908.

1. REPLEVIN: Pleading: Petition. In an action of replevin, a petition which fails to state that the plaintiff has a general or specific property interest in the chattels sued for does not state a cause of action.

2. ———: Undivided Interest. One who owns only an undivided interest in chattels can not sue in replevin to recover possession of such chattels; all owners must join in the suit.

Appeal from Butler Circuit Court.—*Hon. J. C. Sheppard,* Judge.

REVERSED.

*Phillips & Phillips* for appellant.

*Robert & Robert* for respondent.

(1) The petition does not state a cause of action; it alleges neither general nor special ownership in the property claimed by the plaintiff. Mere allegation of the right of possession is insufficient, and when a petition states no more it is fatally defective even after verdict. Benedict v. Jones, 60 Mo. App. 219; Rosentreter v. Brady, 63 Mo. App. 398; Dillard v. McClure, 64 Mo. App. 488; Harmon v. Iden, 88 Mo. App. 314. (2) The objection that the petition fails to state a cause of action may be raised in the appellate court. R. S. 1899, sec. 602; Andrews v. Lynch, 27 Mo. 167; Jackson v. Mining Co., 106 Mo. App. 445; Epperson v. Tel. Co., 155 Mo. 346; Munchow v. Munchow, 96 Mo. App. 553. (3) The judgment of the court shows plainly that the plaintiff was not entitled even to the possession of the barges as the court finds only that he had a "specific interest" in them, less than the whole. Before plaintiff can recover he must show right to immediate and exclusive possession. Holliday v. Lewis, 15 Mo. 403; Upham v. Allen, 73 Mo. App. 224; Westbay v. Milligan, 89 Mo. App. 294.

BLAND, P. J.—Omitting caption, the petition is as follows:

"Plaintiff states that the defendant is a corporation duly organized under the laws of the State of Missouri; plaintiff states that on the twenty-third day of September, 1905, he was lawfully entitled to the possession of certain goods and chattels, to the value of

eight hundred fifty dollars, to-wit: One steamboat known as the 'Alma Jane,' and all appurtenances belonging thereto and two freight barges; that said property on said day was unjustly and wrongfully detained by the defendant at Butler county, Missouri, and defendant still wrongfully and unjustly detains the same from this plaintiff at the county aforesaid, to plaintiff's damage in the sum of three hundred dollars.

"Wherefore plaintiff demands judgment against defendant for the recovery of the possession of said personal property, goods and chattels, and three hundred dollars damages for their taking and detention; and in case a delivery of said property cannot be had, then plaintiff prays judgment for eight hundred fifty dollars, the value thereof."

The answer was a general denial. It also stated specific defenses to the action not necessary to notice in this opinion. At the close of plaintiff's evidence and at the close of all the evidence, defendant offered a demurrer to the evidence which was refused by the court. Plaintiff's evidence showed he had never been in possession of any of the property described in his petition; it also showed that his claim on the property was based on an unpaid mortgage for $291, executed June 19, 1905, by one Stroud, who owned only an undivided eleven-twelfths interest in the barges. (The steamboat, Alma Jane, by the action of the court, was taken out of the case.) Defendant gave a forthcoming bond and retained possession of the property. The trial (by the court sitting as a jury) resulted in a finding that plaintiff owned a special interest of $218.77 in the two barges, by reason of default on the part of Stroud to pay plaintiff's mortgage, and a judgment against defendant and its sureties on the forthcoming bond for that amount. The judgment must be reversed for two reasons: First, for the reason the petition fails to state a cause of action in replevin, in that it fails

to allege that plaintiff had a general or special property interest in the two barges, or either of them. [Harmon v. Iden, 88 Mo. App. 1. c. 315, and cases cited.] Second, for the reason plaintiff's own evidence shows he was not the sole owner of the barges. The mortgage under which he claims title only conveyed an undivided eleven-twelfths interest in them. The party owning the other one-twelfth interest was not made a party to the suit. One who is not the sole owner of chattels can not sue in replevin to recover possession of them. All the owners must be joined in the suit. [Upham & Gordon v. Allen, 76 Mo. App. 206; Bryant v. Dyer, 96 Mo. App. 455, 70 S. W. 516.]

The judgment is reversed. All concur.