## JOHN MORIUND, Appellant, v. JAMES JOHNSON et al., Respondents.

Springfield Court of Appeals, January 10, 1910.

1. REPLEVIN: Plaintiff Must Show Exclusive Right to Possession. To maintain his action of replevin the plaintiff is required to prove a general or special property interest and the right to immediate and exclusive possession of the property detained, and it is permissible for the defendant to show that plaintiff has neither the property interest nor the right to exclusive possession.

2. ————: ————: Defense. Since the action of replevin can be maintained only by one having the right to immediate and exclusive possession, the action may be defeated by showing that plaintiff only has a joint interest in the property with another or that he and another were jointly entitled to the possession of the same. On such a showing it is immaterial whether defendant, who justifies the taking under an execution, had a valid writ or not.

3. ————: Taking Under Execution. Although the law requires that the plaintiff in a replevin suit before a justice of the peace should state under oath that the property has not been taken under any execution, attachment, etc., yet such statement only goes as to process against the plaintiff and is not a general denial that the property is not in the custody of law by reason of its process.

4. ————: ————: Burden of Proof. The allegation which plaintiff is required to make under oath in a replevin suit that the property has not been taken under any execution, etc., is a jurisdictional averment. It does not constitute an estoppel nor throw the burden upon the plaintiff to prove it. Where the defendant justifies taking the property as an officer under a valid execution, this is an affirmative defense, and the burden of showing such an execution is upon the defendant.

5. ————: ————: Officer's Right to Attack Sale for Fraud. Unless the officer has a valid writ against the former owner of the property he can not attack or invalidate for fraud any sale by the former owner to the assignee in an action by the assignee in replevin for the recovery of the property. And the burden is upon the officer to show his writ and establish its validity, and the entire regularity of the proceedings leading to the issuance thereof.

6. ————: **Validity of Execution: Burden of Proof.** While an execution, fair and valid on its face, is sufficient to protect an officer against personal responsibility, yet when he claims property under it he must show that it was issued under a valid and subsisting judgment.

Appeal from Stone County Circuit Court.—*Hon. John T. Moore,* Judge.

REVERSED AND REMANDED.

*T. D. Steele* for appellant.

The court erred in refusing plaintiff's first and second instructions. There can be no question in this case, or any other of similar import, that if the defendants could justify their seizure and right to the possession of this property, they must first show that Joe Moriund was the absolute owner of the property; next they must show a valid judgment against him, and next they must show a legal and valid execution based on that judgment, and, unless they did so show and prove, their case must fall. And all of which they absolutely failed to show at all. The W. W. Kimball Boot & Shoe Co. v. Bain, 46 Mo. App. 592; Clarke v. Laird, 60 Mo. App. 289.

*Mahew & Sater* for respondents.

It is well-established law that the plaintiff in replevin must recover upon the strength of his own title or right of possession and not upon the weakness of that of his adversary. 2 Ency. of Evidence, p. 227; Hall v. Southern Pac. Co., 57 Pac. 617; Kennedy v. Clayton, 29 Ark. 270; Weller v. Ely, 45 Conn. 547; Reynolds v. McCormick, 62 Ill. 412; Thompson v. Ross, 87 Ind. 156; Gueiss v. Farmer, 109 Iowa 468; Stanley v. Neale, 98 Mass. 343; Updike v. Wheeler, 37 Mo. App. 680.

STATEMENT.—This was an action commenced be-. fore a justice of the peace at Monett in Barry county, where appellant filed on the 26th day of May, 1906, the following statement and affidavit in replevin (formal parts omitted) :

"Plaintiff states that he is lawfully entitled to the possession of one white cow about four years old, hole in the right ear; one red cow about four years old, hole in right ear; four red heifers, with a hole in right ears; two red steers two years old, marked with hole in right ear; one black yearling steer, hole in right ear, of the value of one hundred dollars; that the same is wrongfully detained by the defendants at the county of Barry aforesaid; that the same has not been taken under any process, execution or attachment against the property of the plaintiff; that the said property has been injured by being taken out of pasture and driven away, and that for the taking and detention of said property, and for all injuries thereto, the plaintiff is damaged twenty-five dollars.

"Plaintiff further states that he will be in danger of losing his said property unless it be taken out of the possession of the defendants. That the said property was wrongfully taken and plaintiff's right of action accrued within one year.

"Wherefore, plaintiff prays judgment for the recovery of said property, and twenty-five dollars damages for the taking and detention thereof, and for all injuries thereto.

"John Moriund, plaintiff, makes oath and says that to the best of his knowledge and belief the facts and allegations contained in the above statement are just and true; that said property was wrongfully taken and plaintiff's right of action accrued within one year."

The appellant also filed a delivery bond, duly approved, and the writ was issued and the property taken from the respondents and delivered to appellant. The

respondents filed the following answer (formal parts omitted):

"Now come the defendants in the above-entitled cause and deny each and every allegation of plaintiff's claim to the property described in plaintiff's complaint. Further answering specially the defendants say that the ownership of the aforesaid property is in Joe Moriund, and that it was subject to levy and sale under a certain execution in the hands of James Johnson as constable of Shoal township, whereby Frank Jackson, one of the defendants herein, obtained judgment against the said Joe Moriund on a certain promissory note given by the said Joe Moriund for the sum of $50.00; that plaintiff, John Moriund, and his brother Joe Moriund, who pretended to sell all his property to John Moriund, the plaintiff, intending to aid Joe Moriund in his fraudulent purpose pretends to own same, but in fact the aforesaid property is the property of Joe Moriund, which the said Johnson levied on by virtue of a writ of execution in his hands to satisfy said judgment against the said Joe Moriund.

"Wherefore, defendants pray that the property be restored to them and that they have twenty-five dollars damage for the wrongful taking of said property."

A trial was had before the justice of the peace which resulted in a verdict in favor of the plaintiff. An appeal was taken by the defendants to the circuit court of Barry county, and a change of venue was granted to Stone county where a trial was had and judgment rendered for the defendants. From that judgment, the plaintiff has appealed.

The testimony on the part of the respondents tended to show that the respondent, James Johnson, as constable, took the property in question from the plaintiff, John Moriund. It also tended to show that John Moriund was the owner of the property in question and that the same was in his pasture when taken by James Johnson and was taken from his farm in his

absence and that as soon as he learned of the taking of the property, he demanded its return; that upon refusal, this action in replevin was brought to recover possession.

As we have seen, the respondent, James Johnson, undertook to justify his seizure and possession of the property by asserting that his co-respondent, Frank Jackson, had obtained a judgment against the appellant for $50.00, and that he seized the cattle under an execution issued upon that judgment as the property of Joe Moriund; but at no time during the trial was any judgment or execution offered in evidence. Evidence was introduced by respondents tending to show that the property in question at one time had belonged to Joe Moriund, who was the common source of title, and who had transferred it to his brother, John Moriund, for the fraudulent purpose of hindering and delaying his (Joe's) creditors, and the trial court gave instructions on this theory of the case.

NIXON, P. J. (after stating the facts).—This action, as we have seen from the statement, was commenced before a justice of the peace, and an inspection of the statement and affidavit of the plaintiff as filed before the justice reveals that he almost literally copied the form of the statement and affidavit provided by section 3902 of the Revised Statutes of 1899. The answer of the defendants contained a general denial and also set up a plea of justification that the defendant, James Johnson, was a constable, and as such officer had seized the property in question and held it under an execution. The other defendant interpleaded and on his own motion was made codefendant.

Under the issues in this case, the defendants having denied the allegations of plaintiff's statement, the plaintiff was required, in order to maintain his action of replevin, to prove a general or special property interest in and the right to immediate and exclusive pos-

session of the property detained, and it was permissible for the defendants to show that plaintiff had no exclusive right to possession, or that some other party had such exclusive right to possession, or that plaintiff had no general or special property interest in the stock taken.   [American Metal Co. v. Daugherty, 204 Mo. 71, 102 S. W. 538.]

It is conceded by both parties that Joe Moriund, the brother of the plaintiff, was the common source of title of the property in question.   The plaintiff claims through him, and the defendants at the trial sought to impeach the validity of the transfer from Joe Moriund to the plaintiff.   The defendants had the right to show that plaintiff and Joe Moriund were jointly interested in the property or jointly in possession of the same, and such a showing would have been a good defense to plaintiff's action whether defendants had a valid execution or not, since the action of replevin, under our statutes, can only be maintained by one having the right to immediate and exclusive possession. [Steckman v. Galt State Bank, 126 Mo. App. 664, 105 S. W. 674; McCabe v. Black River Transp. Co., 131 Mo. App. 531, 110 S. W. 606.]

Over these questions of law there can be no real controversy in this case.   But the defendants also pleaded as a defense that they had an execution against Joe Moriund and that the property was taken from Joe Moriund by the defendant Johnson under an execution.   The serious controversy in this case, upon which the action of the trial court in receiving evidence and giving instructions is principally challenged, arises from this allegation of the defendants' answer. At the trial, the following colloquy took place concerning the introduction of a certain check given by Joe Moriund to one Jaques in payment for a horse, the amount of the check being fifty dollars:

Mr. Thornberry (attorney for respondents): "If

we can.show a judgment, the presumption is that it is legal."

Mr. Steele (attorney for appellant): "There is no presumption arising from a judgment of a justice of the peace. The witness cannot go on and answer that he had a judgment and execution. We would like to see them if they have one."

Mr. Mayhew (attorney for respondents): "That would be immaterial."

Mr. Thornberry: "We don't have to show any title."

Mr. Viles (attorney for appellant): "You ought to show some right to take this property."

Mr. Mayhew: "Did Mr. Moriund give you his note for this money?"

Mr. Steele: "Plaintiff objects. They plead a judgment and execution. If they have a judgment, let us see it."

Mr. Mayhew: "This is a case of fraud, and it vitiates everything."

The Court: "Have you a copy of the judgment and execution?"

Mr. Mayhew: "No, sir, I have not."

The Court: "I think the burden is on the plaintiff to show that. Go ahead with the witness."

While there was some controversy in the trial court as to whether appellant's attorney in his opening statement had admitted that he presumed there was an execution, no such admission appears in our present record of the case, and no such execution, as a matter of fact, was offered in evidence during the trial, presumably on the ground that the ruling of the trial court, which we have given, rendered it unnecessary.

It is true that in all cases of replevin commenced before justices of the peace under our statutes, the form prescribed by law requires that the plaintiff shall state—and verify the statement—that the property has not been taken under any execution, attachment, etc.

But it will be noticed that such statement only goes as to process issued against the plaintiff and is not a general denial that the property is not in the custody of the law by reason of its process. This allegation, however, is jurisdictional, and does not constitute an estoppel in any way, or throw the burden in such case upon the plaintiff to prove the negative allegation that an officer taking the property did not have a valid execution or other process. If the officer had a writ which authorized the seizure of the property, it was a matter of defense to be shown by such officer and need not be produced by the plaintiff in the first instance. [Knoche v. Perry, 90 Mo. App. loc. cit. 488.] Cobbey on Replevin, sec. 982, page 551, in which the law is stated as follows: "In a suit before a justice of the peace to recover personal property, the plaintiff need not prove the averments in his affidavit that it 'had not been taken by virtue of any tax, etc., nor seized on execution,' etc. If such is defendant's claim, it should be set up affirmatively as a defense."

But as we have stated, no process, such as was mentioned in defendants' answer, was in fact introduced in evidence. Nevertheless, the case was tried upon the theory that such process had been introduced in evidence, or upon the theory—supported by the ruling of the trial court—that it devolved upon the plaintiff to prove the negative fact that the officer did not have such writ.

Defendants' plea of justification was virtually a confession and avoidance, admitting the taking of the property. In any event, in this action in which the defendants sought to prove that Joe Moriund was the common source of title, there would be no legal objection to their showing the title to be in the plaintiff; but unless the constable, James Johnson, had a writ authorizing him to seize the property of Joe Moriund, he could not attack or invalidate for fraud any sale from Joe Moriund to the plaintiff. Without such show-

ing, the defendants did not stand in any such relation to the property referred to as to permit them to assail the validity of the transfer. It would be a legal transfer between Joe Moriund and his assignee, John Moriund, the plaintiff, and before the defendants could attack the good faith of such a sale, the defendant, James Johnson, as constable, must have had such a valid writ as would have made him the representative of the creditors. Otherwise, it was no concern of his whether the sale was valid or not. As was said by Mr. Justice COOLEY in the case of Matthews v. Densmore, 43 Mich. 461, 5 N. W. 669: "But if he has no such writ, it is no concern of his whether the mortgages are valid or not. The first step in his justification is therefore to show not a writ merely but a valid writ."

In the case under consideration, there was evidence tending to show that Joe Moriund made the plaintiff a bill of sale to the property and transferred possession to him; and so far as any execution against Joe Moriund was concerned, the plaintiff was a stranger to it, and his evidence tended to show that he was a purchaser for value and had exclusive possession of the property at the time the same was taken from him by the defendant, James Johnson. As we have said, plaintiff was a stranger to any legal proceedings against his brother, Joe Moriund. Where an officer under an attachment or writ of execution seizes property which is in the possession of a stranger, he is only entitled to question the validity or good faith of the transfer attempted to be avoided on the ground that he has a valid writ and represents the creditors who have instituted a proceeding entitling them to attack the transaction as herein stated. Not only is there no presumption that an officer acting under such circumstances, has a valid writ, but it is incumbent upon the officer, when sued in replevin by a stranger to recover possession of the property, to show affirmatively not only that the writ is valid on its

face, but the entire regularity of the proceedings. [Jones v. McQueen (Utah), 45 Pac. 202; Drake on Attachment, sec. 185a; Thornburg v. Hand, 7 Cal. 554; Horn v. Corvarubias, 51 Cal. 524; Matthews v. Densmore, 43 Mich. 461, 5 N. W. 669; Van Etten v. Hurst, 6 Hill 311, 41 Am. Dec. 748; Brinchman v. Ross (Cal.), 8 Pac. 316; Williams v. Eikenberry, 25 Neb. 721, 41 N. W. 770, 13 Am. St. Rep. 517; Cobbey on Replevin, sec. 1009; Marrinan v. Knight (Okla.), 54 Pac. 656; James v. Van Duyan, 45 Wis. 512; Bogert v. Phelps, 14 Wis. 95; Shinn on Replevin, secs. 535, 537; Cheeseman v. Fenton (Wyoming), 80 Pac. 823.] Where an officer justifies under an execution, and seeks to attack the title of the plaintiff in replevin on the ground of fraud— the plaintiff being a stranger to the judgment upon which the execution is based—the officer must show that his execution issued upon a valid subsisting judgment. While an execution, fair on its face, is sufficient to protect an officer against personal responsibility in serving it, yet when he claims property under it he must show that he was warranted by judgment. [Cobbey on Replevin, sec. 806; Clarke v. Laird, 60 Mo. App. 289.] And yet, notwithstanding the evidence in this case, the defendants did not show that they took the property in question under any execution.

The court gave the following instructions for the defendants:

"1. The court instructs the jury that fraud vitiates all contracts, and in order to find that the title of the property in question was transferred from John [Joe] Moriund to the plaintiff in the case you must find that the transfer in this case was in good faith and for a valuable consideration.

"3. The court further instructs the jury that it is not necessary for the defendants to prove by direct and positive evidence that the plaintiff had knowledge or notice of any fraudulent purpose on the part of his brother, Joe Moriund, in making the transfer, to hinder,

delay or defraud his creditors, but if the jury should be satisfied from the evidence that such fraudulent purpose on the part of Joe Moriund did exist, and if they find from the facts and circumstances attending the transfer were such as naturally put a person of ordinary caution upon inquiry, which would lead to a knowledge of the truth, then the jury may infer that the plaintiff had knowledge and notice of his brother's purpose in making the transfer." And instructions numbered four, six and seven given for the defendants proceed upon the same theory—namely, that the defendants were in a position to attack the validity of the transfer from Joe Moriund to the plaintiff without having introduced any evidence of a valid writ of execution. Under the authorities cited, such instructions were unquestionably not authorized by law and the giving of them constituted material error. Instruction numbered three, given for appellant, and instruction numbered two, given for respondents, are apparently conflicting which should be corrected in case of a new trial. The judgment is reversed and the cause remanded. All concur.