Robert POETZ, Plaintiff–Respondent,

v.

Edward L. KLAMBERG,
Defendant–Appellant.

No. 56049.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 12, 1989.

George F. Kosta, St. Louis, for defendant-appellant.

Mark G. Burns, Clayton, for plaintiff-respondent.

SMITH, Judge.

Defendant Klamberg appeals from a judgment in favor of plaintiff, Robert Poetz, in this court tried case.

Plaintiff's petition sought recovery for damages to an automobile owned partially by him and damaged in a collision between defendant and Lisa Poetz, plaintiff's daughter and a co-owner of the vehicle. Defendant had previously sued Lisa for personal injuries arising from the accident. A jury verdict was returned in that case finding Klamberg 77.5% responsible for the accident and Lisa Poetz 22.5%. The judgment entered on the basis of that verdict is final and has been satisfied.

Robert Poetz filed a motion for partial summary judgment on the issue of liability on the basis that Klamberg was collaterally estopped to deny his liability because of the prior judgment. Klamberg filed a motion for summary judgment on the basis that res judicata and the compulsory counterclaim rule (Rule 55.32(a)) barred Poetz from recovery on his claim which, Klamberg contends, had to be asserted in the prior litigation between Klamberg and Lisa Poetz. No counterclaim was asserted by Lisa in that litigation. The trial court denied Klamberg's motion for summary judgment and granted Poetz' motion for partial summary judgment. Thereafter the parties agreed that the value of the Poetz vehicle before the collision was $4700 and its value after was $772. The court entered judgment in favor of Poetz for $3928 against Klamberg.

On appeal Klamberg raises a series of issues. Initially he contends that the Poetz' ownership of the vehicle was a tenancy in common requiring that both co-tenants join in the prosecution of the Poetz' claim. Klamberg asserts Lisa is barred by res judicata and the compulsory counterclaim rule and Robert Poetz is likewise barred. Secondly, Klamberg contends that if a joint tenancy was created then Lisa was a real party in interest required to join in her father's claim and her incapacity to do so because of res judicata and the compulsory counterclaim rule destroys Robert Poetz' cause of action. Thirdly, Klamberg challenges the trial court's finding of his liability based upon the doctrine of collateral estoppel. Finally, he challenges the amount of damages awarded on the basis that Lisa's previously determined percentage of fault should be assessed against plaintiff's recovery and in any event plaintiff is limited to one-half of the damages to the automobile.

■ Initially we examine the nature of Robert Poetz' interest in the automobile. The certificate of title lists the owner as: "Poetz, Robert P. & /or Lisa." Sec. 442.-450 RSMo 1986 provides that "every interest in real estate granted or devised to two or more persons, other than executors and trustees and husband and wife, shall be a tenancy in common, unless expressly declared, in such grant or devise, to be a joint tenancy." No similar provision exists as to personal property but in *Estate of Wilson*, 740 S.W.2d 694 (Mo.App.1987) [2], we applied a similar presumption to property owned by a non-married couple. This is in keeping with the general rule that in order for a joint tenancy to be created the intent to do so must clearly be expressed by appropriate language understandingly used. *Longacre v. Knowles*, 333 S.W.2d 67 (Mo. 1960) [5, 6]. "Where the instrument is silent or ambiguous as to the nature of the estate or interest created, as a rule it will not be construed to create a joint tenancy." *Id.* Utilization of the expression "and/or" is confusing and conflicting and does not

*per se* evidence a joint tenancy. *Id.* There is no evidence in this record of an intent of the co-owners to create a joint tenancy and the language used does not create one. We conclude that the vehicle was owned by Robert and Lisa as tenants in common.

█ It is the general rule that tenants in common must join in all personal actions concerning the common property. *Sigman v. Rubeling*, 271 S.W.2d 252 (Mo.App.1954) [7–9]. There are many exceptions to that rule. 20 AmJur 2d § 110; 4A R. Powell, Powell Real Property ¶ 606. It is not at all clear the reason for this general rule. In part it may exist because of the tendency of judges, lawyers, and commentators to lump joint tenancies and tenancies in common together. The two species of co-ownership are not the same and have different legal consequences and structure. A joint tenancy is based upon the theory that together the joint tenants have a single estate—they hold by the moiety (or half) and by the whole. To create a joint tenancy there must exist four "unities"—unity of interest, unity of title, unity of time, and unity of possession. *Longacre v. Knowles, supra*, [1–4]. Alienation of a joint tenant's interest in the joint tenancy destroys the tenancy and converts it into a tenancy in common. *Rotert v. Faulkner*, 660 S.W.2d 463 (Mo.App.1983) [6, 7].

A tenancy in common does not contain these four "unities." Each tenant holds an undivided interest in the whole by separate and distinct title, that interest consisting of his share of the tenancy. *Goforth v. Ellis*, 300 S.W.2d 379 (Mo.1957) [2–5]. The interest is fully alienable without destroying the tenancy. *Bearden v. Hodge*, 273 S.W.2d 207 (Mo. banc 1954) [5].

Given the different nature of the two co-tenancies it appears logical that different treatment exist as to the requirement that all co-tenants be joined as plaintiffs. A joint tenancy has some characteristics similar to a partnership. Each joint tenant, having an interest in the whole, may release a third party or enter into an accord and satisfaction which binds the remaining joint tenants. *Slusher v. Jack Roach Cadillac, Inc.*, 719 S.W.2d 880 (Mo.App.1986) [3, 4]. A similar authority is vested in a partner. *McClain v. Buechner*, 776 S.W.2d 481 (Mo.App.1989) [1]. A tenant in common does not have such an authority because tenants in common do not sustain the relationship of principal and agent to one another, neither are they partners. *Williford v. White*, 584 S.W.2d 637 (Mo.App.1979) [3]. In short, the interest of the joint tenant is to the whole of the property; that of the tenant in common is to his undivided interest in the property.

In *McClain v. Buechner, supra*, we dealt with a suit by some, but not all, of the partners in a partnership. We held there that the requirement of all partners being joined could be viewed as either a substantive requirement or a procedural requirement. In the former circumstance the absence of all partners results in a failure to state a claim; in the latter instance it results in an absence of "capacity" to bring the action. *Id.* [2]. Essentially either involves an absence of jurisdiction to adjudicate the cause of action. We believe a similar analysis exists in the joint tenancy context.

As to a tenancy in common we believe a different rationale exists.[1] As a matter of judicial efficiency and economy it is preferable that all claims of the co-tenants be resolved in a single suit. But because each co-tenant has a separate and distinct interest there is no reason to conclude that an action to protect that separate interest requires the presence of the other tenants in order to state a claim or create capacity. *Gaul v. Tourtellotte*, 260 Or. 14, 488 P.2d 416 (Ore.1971) [7]. This was recognized in this state in *Winslow v. Sauerwein*, 285 S.W.2d 21 (Mo.App.1955) [7, 8] where we upheld the right of a single lot owner in a subdivision having an easement in a private street in common with other lot owners similarly situated to severally maintain an action for disturbance of or interference with such easement. *See also, Kirby Lumber Corp. v. Southern Lumber Co.*,

---

1. Apparently at one time tenants in common were not permitted to join in a single suit to recover possession of realty. 20 AmJur 2d § 112.

145 Tex. 151, 196 S.W.2d 387 (Tex.1946) [6]; *Lance v. Cogdill,* 238 N.C. 500, 78 S.E.2d 319 (N.C.1953) [8].

We conclude therefore that there exists no jurisdictional impediment to a single tenant in common bringing an action to protect his interest in the property or to recover damages for loss sustained to that interest. There may be circumstances where joinder of co-tenants would be required as for instance to prevent the potential of double recovery, where complete relief cannot be afforded without the presence of all co-tenants, or as a matter of judicial efficiency. *See,* for example, *Bryan v. W.T. Smith Lumber Co.,* 278 Ala. 538, 179 So.2d 287 (Ala.1965) [7].

There exists no basis in this case for precluding Robert Poetz from recovery for his damages resulting from the collision. In *Lee v. Guettler,* 391 S.W.2d 311 (Mo. 1965) [4–6], the court held that the personal injuries sustained by the individual husband and wife were different causes of action than their action as joint tenants for property damage to their jointly owned vehicle damaged in the accident in which they sustained their injuries. Their recovery for the property damage did not preclude their subsequent actions for personal injuries as a violation of the rule against splitting a cause of action. The ownership of the vehicle was in a different legal entity than the individual personal injury claims of each of the members of that legal entity. We do not reach the issue of whether a claim by Lisa would be barred by the compulsory counter-claim rule. Here if the property damage should initially have been brought by the two co-tenants it was not a compulsory counterclaim because it was not a claim of the "pleader" (Rule 55.32) Lisa Poetz, but rather was the claim of a non-pleader, Robert and Lisa Poetz. The failure to assert the claim could not thereafter preclude a separate suit by the co-tenants for the property damage. If on the other hand it would have been proper for Lisa to assert as a counterclaim her proportionate share of damage to her interest in the vehicle then only her right of recovery is affected by the compulsory counterclaim

rule, not the interest of her co-tenant, Robert.

From the record it appears that whatever right of recovery Lisa might have is now barred by the statute of limitations. There is no danger that a multiplicity of lawsuits or double recovery can result from Robert recovering on his claim. As we have heretofore stated, no jurisdictional impediment exists to him filing suit to recover the damages to his interest in the automobile. Robert is not barred by Lisa's participation in the prior suit nor by the failure to join her in the present suit.

■ We turn now to Klamberg's contention that the court could not utilize collateral estoppel to determine his liability for the damage to the vehicle. At one time collateral estoppel required that the bar be mutually applicable. In *Oates v. Safeco Ins. Co. of America,* 583 S.W.2d 713 (Mo. banc 1979), the court extended the doctrine to allow strangers to the prior suit to assert collateral estoppel against a party to the prior suit. To invoke the doctrine four elements are necessary. First, the issue decided must be identical; second, the prior litigation must have resulted in a decision on the merits; third, the party estopped must have been a party to the prior adjudication, and fourth, that party must have had a full and fair opportunity to litigate the issue in the prior suit. *Id.* [10, 11]. All of those elements have been met here. The trial court did not err in determining Klamberg's liability on the basis of collateral estoppel.

■ Next, Klamberg contends that the court should have applied Lisa's percent of negligence against the award to Robert thereby reducing the recovery accordingly. There is no basis for imputing Lisa's negligence to Robert. The negligence of an operator of an automobile, even a co-owner, cannot be imputed to another owner in the absence of presence or control of the non-negligent owner. *Hamilton v. Stover,* 440 S.W.2d 947 (Mo. banc 1969) [3]. There is nothing in the record to establish any basis for imputing the negligence of Lisa to Robert. When two tort feasors acting independently combine to cause a single injury to

another that person may recover for the entirety of the injury from any one or all of the tort feasors. *Koenig v. Babka*, 682 S.W.2d 96 (Mo.App.1984) [3]. There was no error in failing to reduce Robert's recovery by the percentage of fault of Lisa.

Finally, Klamberg contends that Robert Poetz' recovery should be limited to his interest in the vehicle. We agree. There is nothing of record to establish that Robert's interest in the property was other than half. What we have heretofore stated establishes that Robert as a co-tenant could seek to recover only the damage to his interest in the property. The court determined the total damage to the property to be $3972. One half of that amount is $1986. That is the amount to which Robert Poetz is entitled.

Judgment is modified to read:

"Upon the evidence adduced, the Court finds judgment in favor of plaintiff and against defendant in the sum of $1986. Costs taxed against defendant."

As modified the judgment is affirmed.

SATZ, P.J., and GRIMM, J., concur.