Donald VAHEY, Alberta Vahey, Daniel Vahey, Tim Vahey, and Elizabeth Koterba, Respondents,

v.

Lorreta VAHEY, Ronald Vahey, Karen Moen, Michael Vahey, George Vahey, Jr., and Mark Vahey, Appellants.

No. ED 82111.

Missouri Court of Appeals, Eastern District, Northern Division.

Nov. 12, 2003.

Edward H. Grewach, Troy, MO, for appellant.

Thomas B. Burkemper, Troy, MO, for respondent.

WILLIAM H. CRANDALL, JR., Judge.

Defendant, Mark Vahey, appeals from the judgment, entered in a court-tried case, in favor of plaintiffs, Donald Vahey, et al., in an action for replevin or alternatively for money damages for property taken by him. The court found that Mark Vahey converted the property and awarded damages to the four named plaintiffs. We vacate and remand.

George Vahey died in January 2001. At the time of his death, George was living in the family home in Hawk Point, Missouri, where his mother, Alberta Vahey (hereinafter "mother"), had lived until her death

in 1987. After George's death, his son, Mark Vahey, removed items of personal property from the family home because he thought they belonged to his father. Property missing from the family home included two china cabinets, two chiffo-robes, guns, a dagger, a pot-bellied stove, jewelry, a furnace, air conditioners, music boxes, pictures and frames, a box of silver coins, photographs, and two flags. Certain of George's siblings thought that the property had belonged to their mother and was distributed by her estate to them. At their request, Mark returned some of the property, but denied knowledge of the whereabouts of the rest of the property. He also returned some of the property in damaged condition.

At all times pertinent to this litigation, the following family members were entitled to the mother's personal property as legatees of her estate, each party owning a one-seventh interest in the property: Daniel Vahey; Tim Vahey; Elizabeth Korteba; Daniel Edward Vahey, as distributee of the estate of Alberta Vahey; Donald Vahey; the surviving spouse of Mary Topp; and the estate of George Vahey, by and through his personal representative James Beck. There were, however, only four plaintiffs in the present action; namely, Daniel Vahey, Tim Vahey, Elizabeth Korteba, and Daniel Edward Vahey.[1] The four plaintiffs brought the present action for replevin, seeking the return of the property or, alternatively, damages equal to the value of the property taken. They named as defendants Mark and his five siblings, Loretta Vahey, Ronald Vahey, Karen Moen, Michael Vahey, and George Vahey, Jr.

After a court-tried case, the trial court entered judgment in favor of the four named plaintiffs. It found that the property either could no longer be located or was damaged to the extent that it had no value. It determined that the total value of the converted property was $28,000.00. It entered judgment against Mark in the amount of $4,000.00 each in favor of the four plaintiffs. It dismissed the cause of action as to the other named defendants. Mark appeals from that judgment.

In his first three points, Mark claims that the trial court erred in proceeding with the case without the necessary parties; namely, the personal representative of the estate of George Vahey, the spouse of Marion Topp, and Donald Vahey. He argues that these parties held a one-seventh interest in the property that was the subject of this litigation and were necessary parties to any action involving the property. We consider these points together.

Rule 52.04(a)(2)(i) requires the joinder of a person who claims an interest in the subject matter of the action when disposition of the action in the person's absence might impair or impede the ability to protect that person's interest. *Williams Pipeline Co. v. Allison & Alexander, Inc.*, 80 S.W.3d 829, 837 (Mo.App. W.D.2002). A necessary person is one who is so vitally interested in the subject matter that a valid judgment cannot be rendered effectively without his or her presence. *Id.* An interest exists when there is a direct claim upon the subject matter of the action that the person will

---

1. Another brother, Donald Vahey, was a named plaintiff in the present action; but, upon his request, the trial court removed him as a plaintiff, did not enter judgment in his favor, and he is not a party to this appeal. Daniel Edward Vahey was substituted as a party pursuant to an order by the probate court when Alberta Vahey died in September 2001. The personal representative of George Vahey had knowledge of the action and voluntarily chose not to participate.

either gain or lose by direct operation of the law. *Id.* An action may proceed without a necessary party if joinder is unfeasible, but not absent joinder of an indispensable party. *Id.* The question of whether there has been a failure to join a necessary and indispensable party under Rule 52.04 is jurisdictional. *Id.* We review the trial court's denial of relief under this rule under the standards enunciated in *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

 An action in replevin is designed to get the property of one person from another. Section 533.010 RSMo 2000. One who is not the sole owner of personal property cannot sue in replevin to recover possession. *McCabe v. Black River Transp. Co.,* 131 Mo.App. 531, 110 S.W. 606 (1908). To invoke this remedy, the owner must have the right to immediate and exclusive possession. *Steckman v. Gault State Bank,* 126 Mo.App. 664, 105 S.W. 674 (1907). Where several parties have an ownership interest in the property, all of the owners must be joined in the suit. *McCabe,* 110 S.W. at 606.

 Here, each of the seven owners had an interest in the personal property because each had a direct claim upon the property with the result that each would either gain or lose in the present action. Yet, none of the owners had the exclusive right to possess the property. Each of the owners had a one-seventh interest in the property, and the property was not capable of division. The numerous pieces of property were not of the same kind or value and could not be divided by measuring or counting. *But see Brumley v. McCormack,* 17 S.W.2d 597, 599 (Mo.App. 1929) (replevin will lie for one plaintiff-owner where wood made of slabs from logs was of the same kind and value and all

plaintiff had to do was to separate out his one-fourth by measuring his portion). In addition, each owner had an interest in the total value of the property when the court determined the amount of damages to award for the converted property. In the instant action, the court's award of $4,000.00 to each of the four plaintiffs was an award of four-sevenths of the total amount of damages and did not afford complete relief to all of the owners. The trial court erred in proceeding with the action without the joinder of the remaining three owners.[2]

Plaintiffs rely on the decision in *Poetz v. Klamberg,* 781 S.W.2d 253, 255–256 (Mo. App.1989) to support their position that tenants in common, in contrast to joint tenants, need not join all other co-tenants in an action in order to state a claim. In *Poetz,* this court stated, "[T]here exists no jurisdictional impediment to a single tenant in common bringing an action to protect his interest in the property or to recover damages for loss sustained to that interest." *Id.* at 256. But, the *Poetz* case is distinguishable on its facts. *Poetz* involved the co-owner of an automobile suing the driver of another vehicle for damages sustained to his automobile in an accident. *Id.* at 254. It did not involve a replevin action. Further, this court acknowledged in *Poetz* that the joinder of co-tenants would be required in certain circumstances as for instance "where complete relief cannot be afforded without the presence of all co-tenants." *Id.* at 256. Mark's claims of error relating to joinder are granted.

Mark raises other points in his appeal. We discuss only that claim of error that might arise on retrial.

---

2. Rule 52.04(a) provides for joinder in the following ways: "If the person has not been joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant."

■ In his fifth point, Mark asserts that the trial court erred in refusing to dismiss the action because it violated the five-year statute of limitations for actions in replevin or because the plaintiffs were estopped to bring the action by the doctrine of laches.

Section 516.120(4) RSMo (2000) provides, "An action for taking, detaining or injuring any goods or chattels, including actions for the recovery of specific personal property. . . ." shall be brought within five years. Here, the removal of the items of personal property from the family home was the act that gave rise to plaintiffs' cause of action. This act occurred shortly after George's death in January 2001. Plaintiffs brought the present action in June 2001. Plaintiffs' cause of action did not begin to run until the property was taken. Thus, their action was brought within the five-year statute of limitations.

■ Mark's argument that the action was barred by the doctrine of laches is also without merit. Generally, the doctrine of laches will not bar a suit before expiration of the period set forth in the applicable statute of limitations in the absence of special facts demanding extraordinary relief. *State ex rel. General Elec. Co. v. Gaertner,* 666 S.W.2d 764, 767 (Mo. banc 1984). In the instant action, no special circumstances existed. Plaintiffs did not delay in bringing their cause of action once they became aware that the property either was taken from the family home or was returned in damaged condition. Mark's fifth point is denied.

The judgment of the trial court is vacated and the cause is remanded to proceed in a manner consistent with this opinion.

SHERRI B. SULLIVAN, Chief Judge and GLENN A. NORTON, Judge, concur.