BOLLMAN BROS. CO., Respondents, v. HENRY PEAKE, Appellant. .

**St. Louis Court of Appeals, October 7, 1902.**

Replevin: DEMAND FOR BAILED PROPERTY: POSSESSION: BAILMENT: STATUTORY CONSTRUCTION. By force of section 1575, Revised Statutes 1899, the necessity of a previous demand for the return of bailed property before the owner can maintain an action of replevin to recover possession, is abrogated. Hence, the statutes of limitations run against the owner's right to sue although he makes no demand, if an act is done by the bailee inconsistent with the bailment, as by selling the property.

Appeal from St. Louis City Circuit Court.—*Hon. William Zachritz,* Judge.

REVERSED.

*Walter N. Davis, and Ottofy & Williams* for appellant.

(1) The Missouri decisions settle the case for this court. Irwin v. Wells, 1 Mo. 9; Himes v. McKinney, 3 Mo. 270; Matheny v. Johnson, 9 Mo. 230. (2) The rule is that replevin will lie without demand whenever trover lies without demand; it is elementary law that trover will lie for a conversion. 5 Waits' Actions and Defenses, p. 483; Pace v. Pierce, 49 Mo. 395; Wells on Replevin, sec. 351. (3) The office of demand in actions of trover and conversion is only evidential and not creative. Rolles' Abridgment, p. 5; Chancellor's Case, 10 Coke 52; Mires v. Soleboy, 2 Mod. 244; Brook v. Miller, 2 Show. 179. (4) In the cases of this character the statute dispenses with demand. Cole v. Railroad, 21 Mo. App. 445; Maloney v. Maloney, 12 Mo. App. 576; Robbins v. Foster, 20 Mo. App. 519. (5) Ignorance of a cause of action does not prevent the running of the

statute, nor ignorance of whom to sue. Yore v. Murphy, 18 Mont. 342; Smith v. Newby, 13 Mo. 160; Wells v. Halpin, 59 Mo. 92; Garrett v. Conklin, 52 Mo. App. 654.

*W. C. & J. C. Jones*, and *A. H. Roudebush* for respondent.

(1) The action could not have been brought before the right of action accrued. R. S. 1899, sec. 4271. (2) The right of action did not accrue until possession had been demanded and refused. Sturgis v. Preston, 144 Mass. 372; French v. Merrill, 132 Mass. 525. (3) One who comes rightfully into the possession of property in ignorance of any adverse claim is not chargeable with conversion, until demand and refusal. Campbell v. Jones, 38 Cal. 507; Baker v. Fuller, 21 Peck. 318; Pringle v. Phillips, 5 Sandf. 161; Woodward v. Woodward, 14 Ill. 466. (3) Nor is it left to the claimant to arrive at his own conclusion that the defendant does make a claim to the property and is not ready to deliver it over to the rightful owner. The law provides a method for settling that question and fixing the attitude of the defendant. A demand is provided for the very purpose of developing the defendant's position. ''Possession of goods by a defendant will not, of itself, raise the legal presumption of an unlawful taking without also showing a wrongful detention, by a demand and refusal to deliver.'' Amos v. Sinnott, 5 Ill. 440.

GOODE, J.—A piano is the property in controversy in this replevin case, which was tried by the circuit court on the following agreed facts:

''On January 8, 1894, plaintiff leased the piano in question for an indefinite term to one Gordon, at five dollars per month, to whom the same was delivered. Gordon paying the first month's rent. It was agreed that Gordon might have the privilege of purchasing the piano within three months for three hundred and thirty-five dollars, less the rent he had paid. The defendant

saw shortly thereafter a piano advertised for sale. On January 15, 1894, he called at the designated address and found Gordon. Gordon stated to Peake that he (Gordon) had gotten the piano for a debt due him in Ohio and wanted to dispose of it. Peake bought the piano for one hundred and fifty dollars, paying the money. After concluding the sale Peake suggested some difficulty about moving the piano and Gordon agreed to move and did move the piano to Peake's house, Peake paying him some two dollars therefor. Peake further was present at the moving of the piano into his house and gave directions where it should be placed.

"The defendant used the piano continuously from January 15, 1894, the date of the purchase, to August 13, 1900, claiming title thereto openly to all with whom he came in contact. Defendant was until August 13, 1900, unaware that plaintiff claimed the piano; he did not come in contact with plaintiff and at no time made claim of title thereto or in the hearing of the plaintiff or any of its employees or officers. The week following his purchase he gave a party at which he exhibited the piano to his guests, explaining to them the circumstances of its purchase. His entire honesty and good faith with his ignorance of any other claim is conceded. Gordon continued to pay rent for the piano during January and February of 1894, but defaulted in the March rent. Thereupon plaintiff called at the place to which it had delivered the piano and found the piano and Gordon gone. Plaintiff immediately instituted active search for the piano and for Gordon, and from time to time at intervals renewed such search.

"Plaintiff was unable to find Gordon until the summer of 1900, when it discovered him in the Ohio penitentiary. It then demanded of Gordon the return of the piano. The demand was not complied with by Gordon, but with the aid of information obtained from Gordon plaintiff renewed its search for the piano, finally locating it in the possession of defendant on August 13,

1900.   On August 13, 1900, plaintiff demanded from defendant the piano.   Defendant refused to surrender it, and this suit was thereupon instituted.''

The action was begun on the twentieth day of August, 1900, and by comparison of this date with that on which the ,appellant Peake bought the piano from the bailee, Gordon, to-wit, January 15, 1894, it will be seen that Peake was in possession of the instrument, claiming in good faith to own it and exercising all the rights of ownership over it for more than six years prior to the time the action was brought.

The five-years statute of limitations was pleaded as a' defense and is conceded to be a complete defense unless the plaintiff's cause of action did not accrue until it demanded possession of the piano, to-wit, the twentieth day of August, 1900.   In other words, the respondent says before an action of replevin for personal property can be maintained by the owner against a party in possession claiming to own it, and who obtained it innocently, a demand for possession must be made; and it may be admitted that the common law rule is that way in many instances.

It is not the law that the accrual of a cause of action dependent on a demand (which is designed principally to afford debtors and occupants protection against needless actions) can be postponed indefinitely by the failure of the claimant to make demand; and in some circumstances a demand seems to be treated as a step necessary to the enforcement rather than to the accrual of the cause of action.   Landis v. Saxton, 105 Mo. 486.   But whether, under the facts before us, the right of the plaintiff to sue would have been suspended at common-law until a demand of the defendant for the return of the piano was made; or, whether the facts show the appellant's acquisition of the piano from Gordon was tortious, so as to preclude the necessity of a preliminary request for its return as a condition precedent to maintaining the action, we will not inquire, because we think the case is controlled by the following statute:

"It shall not hereafter be available to a party as an objection that no demand for the subject-matter of a suit was made, prior to its institution, unless it is expressly set up by way of defense in the answer or replication, and is also accompanied with a tender of the amount that is due; in which case, if the plaintiff will further prosecute his suit, and shall not recover a greater sum than is tendered, he shall pay all costs. This provision shall be applicable as well to actions for property as for money; when property is tendered the damages for its detention, if any, shall also be tendered." R. S. 1899, sec. 1575.

The purpose of that statute- was to do away with the common-law requirement of a demand for the possession of property by an owner, or for the payment of money by a creditor to entitle such an owner or creditor to sue. When no other defense is relied on than the lack of a demand, it is plain that the only injustice which is done the defendant by permitting him to be sued without a previous demand, is that he may be cast into costs which he would have avoided by surrendering the property or paying the money if a demand had been made; in other words, if he had been apprised of the claim.

The foregoing statute partly obviates that injustice without defeating the plaintiff's right to recover his money or property and abrogates the necessity of a prior demand. It has seemingly been construed not to apply to actions of trover (Nanson v. Jacobs, 93 Mo. 331), but it does apply to an action of replevin, which this is. Cole v. Railway Co., 21 Mo. App. 443.

In Moore v. Simms, 47 Mo. App. 182, which was a case not materially different from the one at bar, it was adjudged that a plaintiff might maintain an action for the possession of his property against one to whom his bailee had unlawfully sold it, without a previous demand, because the sale to and purchase by the defendant amounted to a conversion, however innocent the defendant may have been of a wrongful motive. In

that case the above statute was not noticed, and the court held, without regard to it, that the action would lie.

It follows from the foregoing considerations that the respondent's cause of action accrued when Gordon sold the piano to Peake and not when a demand was made on the latter for it, and as more than five years had elapsed from the time the cause of action accrued until it was instituted, respondent's claim was barred.

· The judgment is, therefore, reversed. *Bland, P. J.,* concurs; *Barclay, J.,* not sitting.