ROSENBERGER, Appellant, v. PACIFIC EXPRESS COMPANY, Respondent.

St. Louis Court of Appeals, February 4, 1908.

1. INTEREST: Demand Before Suit: Express Money Order. An express money order in which no time for payment is stated is payable on demand and demand is necessary before the holder will be entitled to interest.

2. ————: ————: ————: Costs. The holder of an express money order, payable at no particular date, brought suit on the same without first making demand. The defendant immediately tendered the amount sued for. Held, under the provisions of section 1575, Revised Statutes 1899, the plaintiff could not recover his costs.

Appeal from Montgomery Circuit Court.—Hon. R. Steele Ryors, Special Judge.

AFFIRMED.

E. Rosenberger & Son for appellant.

(1) The pretended tender of one dollar was not sufficient. Costs had accrued, and the tender after the commencement of the suit must be made to the constable of the township where the suit is pending. R. S. 1899, sec. 3944; Voss v. McGuire, 26 Mo. App. 452. (2) No demand is necessary in this State before the institution of

the suit unless it is so made by the contract. When an obligation to pay is complete, an action arises at once and no demand is necessary. Sandis v. Sarcton, 105 Mo. 486; Bollman v. Peake, 96 Mo. App. 256; Westcott v. Montreville, 30 Mo. 252.

*G. Pitman Smith,* for respondent.

BLAND, P. J.—The action is on an express money order for one dollar in which no time for payment is stated. No demand for payment had been made on defendant prior to the commencement of the suit, which was begun before a justice of the peace. When summons was served on defendant it appeared before the justice and tendered him one dollar, the amount of the order and the sum sued for. The justice declined to receive the tender, whereupon defendant filed a written offer tendering the amount sued for. Plaintiff refused to accept the tender and continued the prosecution of the suit. In due course the cause reached the circuit court where on the pleadings and evidence the court, sitting as a jury, rendered judgment for plaintiff for one dollar and adjudged that he pay the costs. Plaintiff appealed from this judgment to this court. His contention is that he was entitled to recover his costs and interest from the date of the order, notwithstanding he had not presented it to defendant for payment, or made any demand for payment before the commencement of this suit. The order was not payable on any particular date, hence it was payable on demand, and demand of payment was necessary to entitle plaintiff to interest. Defendant tendered the amount of the order on the first demand made, to-wit, when notified of the commencement of the suit and was entitled to recover its costs, under the provisions of section 1575, Revised Statutes 1899.

The judgment is affirmed. All concur.