## DOWNS, Respondent, v. PACIFIC EXPRESS COMPANY, Appellant.

St. Louis Court of Appeals, January 26, 1909.

1. **DEMAND: Before Suit: Interest and Cost.** The provisions of section 1575, Mo. Annotated Statutes 1906, are meant to prevent an action from being defeated because no demand was made prior to the institution of the suit when such demand was a condition precedent to the right to sue at common law, while at the same time requiring the plaintiff to pay costs on the compliance by the defendant with the statute in making tender; it was not intended to permit a defendant to escape costs on the ground that no demand was made in actions wherein the common law required no previous demand.

2. ————: ————: **Express Companies.** ⟨An express company is a common carrier, and in the absence of usage to the contrary is required to deliver to a consignee a package which it undertakes to transport, or at least to give the consignee notice of its arrival and its readiness to deliver. On failure to deliver money which it undertook to transport, or to notify the consignee of its arrival, in an action for such money by the consignee, it could not defeat his recovery for interest and costs by making a tender of the amount due.⟩ [Overruling Rosenberger v. Pacific Express Co., 129 Mo. App. 105.]

Appeal from Montgomery Circuit Court.—*Hon. Jas. D. Barnett*, Judge.

AFFIRMED.

*G. Pitman Smith* for appellant.

*E. Rosenberger & Son* for respondent.

STATEMENT.—On March 24, 1906, S. V. Taylor entered into two contracts with defendant for the transmission of two parcels or sums of money and the payment of them to the order of plaintiff, Leslie A. Downs. One of these contracts was for the transmission and payment of $40 and the other for $24.73. As the writings concerning the two transactions, save as to

amounts, are alike, we will copy the papers pertaining to only one:

| 40 | 30 | 20 | 10 | 5 |
|----|----|----|----|---|
| Not payable for more that $40. | Not payable for more than $30. | Not payable for more than $20. | Not payable for more than $10. | Not payable for more than $5. |
| 40 | 30 | 20 | 10 | 5 |

When Countersigned
by the Agent
At the Point of Issue
　　EXPRESS MONEY ORDER　　(Ex. 1)
　　　　　　　　　M. 904340
　　THE PACIFIC EXPRESS COMPANY
　　Agrees to transmit and
Pay to the order of Leslie A.
Downs The sum of Forty Dol-　| $ | |
lars and 00-100 Dollars.　Not　| 40 | 00 |
good for more than highest
printed marginal amount, and
in no case to exceed fifty dollars.
Countersigned:
　　E. O. Kelly　　　　W. R. Carter,
　　　　Agent　　　　　　Treasurer
Issued at Truesdale, Mo., State of
　　　　　　　Name of Remitter
Date, March 24, 1906.　S. V. Taylor.
Any erasure, alteration, defacement,
or mutilation of this order renders it
void."

*(In the left margin of the order the maximum amounts payable are in words, but for lack of space they have been copied in figures.)

In connection with the foregoing document, the following document was likewise issued:

"

M.　　　　Ex. 3.
PACIFIC EXPRESS CO.
　　Money Order
Remitter's Receipt
　　Keep it.

Amount of Order
Dollars : .
        :
    40  ·:   ·00
        :
        ::  Cents
Date 3-24, 1906
Sent to
    Leslie A. Downs
    Oronogo Jct., Mo.
By S. V. Taylor.
The company will refund to owner
the face value of lost or de-
stroyed money orders upon pre-
sentation of remitter's re-
ceipt and execution of its
agreement to refund."

The papers connected with the contract for the transmission of $24.73 are similar to those set forth. The transactions in which the two sets of papers were executed, occurred at the station of Truesdale on the Wabash Railroad, between E. O. Kelly, agent of said railroad company and also of the Pacific Express Company, the defendant, and Mr. Delventhal, who acted for S. V. Taylor, who is the remitter and is so styled in the papers. The usual consideration was paid by Taylor for the service the company agreed to render. On April sixth or seventh, 1906, plaintiff instituted an action in the Montgomery county circuit court, returnable to the May term of said year, to recover the amounts stipulated in the two "Express Money Orders," as they are called. The petition contained two paragraphs, one declaring on the order for $40 and the other on the order for $24.73. The substance of the averments of each count is that defendant, as a forwarder and common carrier, on March 24, 1906, undertook for hire and contracted in writing signed by the

defendant and attached to the petition, to transmit the respective sums of money from Truesdale, Missouri, and pay the same to Downs or his order at Oronogo Junction, Missouri; that defendant wholly disregarded its duty in the matter and failed to pay the sums to plaintiff as stipulated in the contracts; wherefore plaintiff alleges defendant became indebted to him in said sums with interest from the date of the filing of this action and for costs. The answer of defendant is in two paragraphs addressed to the two paragraphs of the petition. In the first paragraph of the answer it was admitted defendant was a forwarder and common carrier, and as such undertook for hire and contracted, in writing on March 24, 1906, to transmit from Truesdale, Missouri, and pay to the order of plaintiff, forty dollars, according to the instrument of writing by defendant made and signed at the time; that according to the terms of the instrument constituting the contract between plaintiff and defendant, it was plaintiff's duty to make demand of defendant for the sum of forty dollars and the same was payable to plaintiff only on demand; that he did not make demand before the institution of the suit; that defendant tendered plaintiff said sum of forty dollars sued for in the first count of his petition and had deposited said sum with the clerk of the court for plaintiff. Those allegations of the petition not specifically admitted, were denied, and defendant prayed judgment on the first count of the petition. The answer to the second count was the same in all respects as the foregoing, except as to the amount tendered. A reply in two paragraphs was filed. The one addressed to the first paragraph of the answer said it was not true that by the terms of the contract entered into by plaintiff and defendant, it was plaintiff's duty to make demand for the sum sued for, or that said sum was payable to plaintiff only after demand had been made for it. The reply admitted defendant had deposited with the clerk of the court forty

dollars for the use of plaintiff, but averred there was due plaintiff the interest on said sum, and the costs of suit. All other allegations of new matter contained in the first paragraph of the answer are denied. In his replication plaintiff offered to accept said sum of forty dollars with interest from April 6, 1906, defendant to pay the costs of suit. On default of this offer being accepted, he prayed judgment in accordance with it. The second paragraph of the replication was in the same form and dealt with the second paragraph of the answer. The agent of the company at Truesdale who issued the contracts in question, testified as follows: he collected the customary charge from plaintiff or his agent Delventhal, for the orders; they were issued by the Pacific Express Company, payable to Leslie A. Downs at Oronogo, Missouri; he transmitted none of the money to Downs at Oronogo, but his custom was to transmit the money received for orders of the same kind to the Treasurer of the Express Company at St. Louis every two weeks, and he might have transmitted this money the next day or at any time within two weeks after he received it; he delivered the orders to Delventhal; Downs was not present, and Delventhal did not request him to send the particular money he (Delventhal) paid over to him (the agent), and the latter said nothing about transmitting the particular money, and nothing about the necessity of a demand by Downs before he could get the money called for in the orders.

The court declared the institution of suit and service of process on defendant constituted a demand for the payment of the sums named in the petition within the meaning of the law, on the day the writ in the cause, with a copy of the petition attached, was served on defendant. The court also gave two declarations of law which are counterparts of each other, dealing with the two demands of plaintiff, one of which instructions reads:

"Under the first count of plaintiff's amended petition, the court, sitting as a jury, declares the law to be that if it finds and believes from the evidence that on the 24th of March, 1906, the defendant, for a valuable consideration agreed in writing with one S. V. Taylor, to transmit from Truesdale, Missouri, and pay to the order of Leslie A. Downs $40, when said agreement or express money order was countersigned by the agent at the point of issue, and if the court finds that it was countersigned by the agent at the point of issue, and that it has failed or neglected to transmit and pay the same to the said Leslie A. Downs on demand, then the court declares the law to be that plaintiff is entitled to recover $40, together with six per cent interest thereon from the date of the service of the writ of summons in this cause on the defendant, to-wit, from April 7, 1906."

Defendant requested and the court refused this declaration:

"The court sitting as a jury instructs that if the plaintiff filed his petition and suit, on the money order or instrument, offered in evidence in this petition, and that thereupon defendant duly filed his answer setting up by way of defense that no demand for the amount of said money order or instrument was made prior to its institution, and made in said answer a tender of the amount named in said order or instrument of writing, and deposited with the clerk of the court the sum sued for and named in the order offered in evidence, then the verdict must be for the defendant."

Thereupon the court found defendant was indebted to plaintiff on the first count in the sum of $40.85, and on the second in the sum of $25.24, and entered judgment for the amount of said sums, to-wit, $66.09, and the costs of the action. Defendant appealed.

GOODE, J. (after stating the facts).—It will be perceived the question in dispute is whether or not defendant is liable for any interest on the sums called for by the money orders and for the costs of the case. It disputes liability because no demand was made for the payment of the amounts stated in the orders before the action was begun; and invokes in support of its position our statute which says the fact that no demand for the subject-matter of the suit was made prior to its institution, shall not be available to the party, unless it is expressly set up by way of defense in the answer or replication, and is accompanied by a tender of the amount due; in which case, if the plaintiff will further prosecute his suit and shall not recover a greater sum than is tendered, he shall pay all costs. [1 Mo. Ann. Stat., sec. 1575.] The sums called for by the orders were deposited with the clerk of the court and tendered to plaintiff in defendant's answer. This was set out in the answer filed to the amended petition, but it is fairly inferable from the record the tender had been made in the original answer. Hence defendant says it complied with the statute, and inasmuch as no demand was made before the suit was instituted, cannot be held liable for either interest or costs. The declarations of law show the court held a demand was needed to put defendant in the wrong and impose on it the payment of interest and costs, but held, too, the institution of this action was a sufficient demand for the purpose. The statute cited supra was meant to prevent actions from being defeated because no prior demand was made for the subject-matter of them when such a demand was a condition precedent to the right to sue at common law. If the only defense to a cause is lack of demand, the defendant will be saved from the payment of costs by compliance with the statute, and at the same time the plaintiff will be saved from a nonsuit. [Bollman Bros. v. Peake, 96 Mo. App. 253.] It will not be said the statute was intended to

permit a defendant to escape costs on the score that no demand was made, in actions wherein the common law required no previous demand. Speaking in terms of the present case, if it was not incumbent on plaintiff at common law to request payment of the sums of money defendant had agreed to transmit, before suing, the statute in question is irrelevant. The brief for defendant treats the case as though more was proved than in fact was, and takes for granted its own custom and that of other express companies, was to issue money orders somewhat in the nature of bank drafts and payable at sight or on demand, to persons who wished to pay money to another person at a distant point; that these transactions did not contemplate transmission of the money paid over to the company by the sender, but instead payment by the company out of any funds on presentment of the orders by the payees or their indorsees at the places designated. Likely this was defendant's course of business; but there is no proof it was in the present record, and it is not a fact to be noticed judicially. Moreover, we question if evidence to prove it would be competent against the terms of the writings executed by defendant. The contract was made by the money order and receipt, the two papers issued in each case; and according to those papers defendant agreed to transmit a sum of money and pay it to the order of plaintiff. Such is the language used in the "Express Money Order," whereas the receipt says the sum paid to the company had been sent to Leslie A. Downs at Oronogo Junction by S. V. Taylor. It appears from the contracts in suit and also from the admissions in the answer, defendant acted in the matter in controversy as a forwarder and common carrier. The answer admits it was a forwarder and common carrier, and as such undertook to transmit from Truesdale and pay to the order of plaintiff, the

money in dispute. Hence both the duty and the liability of defendant grew out of its capacity of carrier. An express company is not only a common carrier, but is one required, in most cases, to deliver to the consignee the property it undertakes to transport; and generally it must do that or notify the consignee of the arrival of the property and afford him a reasonable time to call for it. [Hutchinson, Carriers (3 Ed.), secs. 716, 717, and cases cited in notes.] Independently of proof of usage to the contrary, and there is none in this record, it was the duty of defendant company to deliver to Downs the money it had agreed to transmit to him, when it arrived at Oronogo, or, at least, give him notice of its arrival and that defendant was ready to pay him; and he was not bound until he was notified. As defendant failed to observe its duty either to transmit the money, pay Downs the sums called for or even notify him it was ready to pay, his cause of action was complete when he began suit, and defendant could not escape liability for the interest and costs by a tender under the statute. Whatever was said to the contrary in the case of Rosenberger v. Pac. Express Co., 129 Mo. App. 105, is disapproved.

The judgment is affirmed.