STATE BANK OF ANDERSON v. JENNIE DUNN, Appellant.—29 S. W. 79.

Division Two, June 11, 1930.

*Horace Ruark* for appellant.

WALKER, J.—This is an action brought by the State Bank of Anderson against Jennie Dunn, as administratrix of the estate of B. S. Dunn, deceased, in the Circuit Court of McDonald County, and tried in the Circuit Court of Newton County, at the February term, 1927, on a change of venue.

The suit is upon a note, purporting to have been executed by B. S. Dunn, bearing date of January 3, 1921, whereby he promised to pay to the order of the State Bank of Anderson on demand, the sum of $8517.41, with interest from maturity at the rate of eight per cent per annum, compounded. The petition is in the ordinary form, a copy of the note being filed therewith. The answer is a general denial, and an allegation by the administratrix that she has no knowledge whether or not the deceased signed the note, and that the same has never been presented to her, and if any such note was signed by the deceased it was without consideration.

Upon a trial to the court, a jury being waived, the plaintiff, without proof of its execution, offered the note in evidence. The court overruled the defendant's objection that there was no proof of the execution of the note. Thereupon both parties rested and the court entered judgment upon the note in the sum of $13,728, principal and interest, from which judgment the administratrix appealed to this court. There was no proof of any demand of payment, nor of any other character, except the tender of the note.

The appellant raises two questions of alleged error:

First: That it was incumbent upon respondent to prove the execution of the note by the deceased, and in the absence of such proof no finding in favor of the respondent could be made.

Second: That the court erred in computing interest from the date of the note, it being payable upon demand and bearing interest from maturity; that interest could only run from the time of service of a summons, viz., February 18, 1927. The interest allowed by the court amounts to something more than five thousand dollars, the judgment being for $13,728.

I. Error was committed in the admission of the note in evidence without proof of its execution. The applicable statute (Sec.

1416, R. S. 1919) does not require the answer denying the execution of a note in a suit of this character to be verified as a requisite to the defense of its non-execution. That requisite only applies, under Section 1415, Revised Statutes 1919, to suits on instruments in writing against living persons, and not to suits against administrators of persons charged to have executed such instruments. Upon the denial in the answer of the administratrix it was the duty of the court to require proof of the execution of the note. Failing so to do no recovery could be had thereon against the appellant. [Julian v. Rogers, 87 Mo. 229.]

II. As to the second assignment of error concerning the time of computing the interest. This instrument, being a demand note, bore interest from the time of its maturity, that is, from the time a demand for payment was made thereon. If the first ground to the right of recovery had been complied with the rendition of a proper judgment would have required the computation of the interest from the date of the demand for the payment of the note and not from that of its execution. [Rosenberger v. Pac. Ex. Co., 129 Mo. App. 105.]

For the reasons stated the judgment of the trial court is reversed and remanded to be proceeded with as indicated in this opinion. All concur.