EMPIREGAS, INC. OF PALMYRA, Appellant,

v.

Edwina ZINN, et al., Respondents.

No. 61193.

Missouri Court of Appeals, Eastern District, Northern Division.

June 23, 1992.

Randall M. England, Mexico, for appellant.

Charles E. Stine, Jr., Mary L. Rhodes, Joseph D. Welch, Hannibal, for respondents.

SIMON, Judge.

Empiregas, Inc. of Palmyra (Empire) appeals the pre-trial dismissal of its petition for an order of delivery in replevin for the recovery of property and damages resulting therefrom, and the trial court's denial of its motion for partial summary judgment. We note that the respondents did not file briefs. Empire essentially contends that the trial court erred in: 1) dismissing its petition because such dismissal was without due process of law; 2) dismissing its petition by reason of the statute of limitation and laches; and 3) denying its motion for partial summary judgment. We reverse and remand for further proceedings in accordance with this opinion.

A brief summary of the facts follows. In 1974, Empire leased a heating fuel tank to Donald Ingram. The lease of the tank was without cost and for an indefinite period of time provided Ingram purchased two tankfuls of fuel per year from Empire. Upon breach of the lease, Empire retained the right to terminate the agreement without notice. In 1979, Ingram and his wife sold the land on which the tank was situated "together with all improvements thereon" to J.R. Latta. Two years later, Latta conveyed the property to Michael Hickey in a contract that expressly included a 1000 gallon propane tank. In 1987, Hickey and his wife conveyed the property to defendant, Edwina Zinn. Again, this contract expressly provided conveyance of an LP tank with the land.

In its petition, Empire alleged that since January of 1988 Zinn has refused to surrender possession of the tank to Empire. The petition filed in August of 1989 asserts an action for replevin and conversion against Zinn. Subsequent to the filing of Empire's petition against Zinn, Zinn joined Hickey as a Third Party Defendant. Hickey did likewise to Latta (Fourth Party Defendant). Latta did likewise to Ingram (Fifth Party Defendant).

On May 1, 1991, Empire filed a motion for partial summary judgment on the issue of ownership and immediate possession. The trial court denied the motion. Ingram, Fifth Party Defendant, filed a motion to dismiss the Fifth Party Petition of Latta. Likewise, Latta, Fourth Party Defendant, filed a motion to dismiss Hickey's Fourth Party Petition. On October 4, 1991, Ingram filed a Notice to all parties that all pending motions would be heard on October 24, 1991. Defendants Zinn, Latta, and Ingram were present at this motion hearing. Third Party Defendant Hickey did not appear by reason of short notice and Empire failed to appear although noticed for appearance. Following the hearing, the court sustained the motions to dismiss the Fourth and Fifth Party petitions. In the same order, the court sua sponte dismissed Empire's petition against Defendant Zinn by reason of the statute of limitation and laches. The court also sua sponte dismissed the Third Party Petition against Defendant Hickey for the same reasons and ordered all bonds released. Empire alone appealed.

In its first point on appeal, Empire claims error in the dismissal of its petition in that the dismissal was without due process of law. While Empire argues that the notice given was not reasonably calculated to apprise Empire of the possibility of dismissal, we conclude that points two and three are dispositive of this appeal. Since our disposition results in a reversal and remand, we shall not discuss point one.

■ In its second point, Empire alleges that the trial court erred in dismissing its petition by finding that the cause of action was not within the statute of limitation. Empire contends that its cause of action falls under the civil action for recovery of specific personal property and is within the five year prescribed period.

The statute of limitation on an action for detaining any goods, including actions for the recovery of specific personal property, is five years. § 516.120(4) RSMo 1986. A cause of action for the recovery of personal property generally accrues, and the statute of limitation begins to run, when the dam-

age is sustained and is capable of ascertainment, not from the date the wrong is done. § 516.100 RSMo 1986. The period of limitation does not begin to run until an injury is complete as a legal injury. *Chemical Workers Basic Union v. Arnold Sav. Bank,* 411 S.W.2d 159, 164[5] (Mo. banc 1966).

The order of the circuit court which determined that the petition should be dismissed because it was barred by the statute of limitation rests on an erroneous declaration and application of the law. The controversy arose in January of 1988 when Empire demanded possession of the tank and was refused. Only then did Empire have a right to maintain an action and the statute of limitation begin to run. See *In re Estate of Wintermann,* 492 S.W.2d 763, 769[13] (Mo.1973); 54 C.J.S. Limitations of Actions § 176 (1987); Restatement (Second) of Torts § 899(c) (1979). The legal proceedings were initiated in August of 1989. Thus, Empire's claim was filed within the five year time limit.

Appellant's third point is that the trial court erred in dismissing its petition by reason of laches. The doctrine of laches is the equitable counterpart of the statute of limitation defense. Its purpose is to avoid unfairness which can result from the prosecution of stale claims. Mere delay does not constitute laches. *Higgins v. McElwee, et al.,* 680 S.W.2d 335, 341[6–9] (Mo.App.1984). Rather, the delay must be unreasonable, unexplained and must be shown to have caused damage and prejudice. *Id.*

The trial court erred in applying the doctrine of laches to bar Empire's claim. The general rule provides that the doctrine of laches will not bar a suit where the statute of limitation has not run as long as extraordinary facts do not warrant relief. See *State ex rel. General Elec. Co. v. Gaertner,* 666 S.W.2d 764, 767[5, 6] (Mo. banc 1984). There has been no showing of extraordinary facts warranting relief. Thus, in view of our holding that the action was not barred by the statute of limitation, we conclude the trial court erred in dismissing Empire's petition by reason of laches.

Empire contends in point four that the trial court erred by denying its motion for partial summary judgment. A trial court's denial of partial summary judgment is not subject to appellate review from the court's order denying the motion. *Chism v. Steffens,* 797 S.W.2d 553, 557[1–3] (Mo. App.1990).

In conclusion, we find that the trial court erred in dismissing Empire's petition by reason of the statute of limitation and laches.

JUDGMENT REVERSED AND REMANDED.

CARL R. GAERTNER, P.J., and PUDLOWSKI, J., concurs.