**Wafa HAMDAN, Plaintiff/Appellant,**

v.

**BOARD OF POLICE COMMISSIONERS FOR the CITY OF ST. LOUIS, et al., Defendants/Respondents.**

**No. ED 77120.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Feb. 6, 2001.

Canice Timothy Rice, Jr., Stephen H. Gilmore, St. Louis, MO, for appellant.

Thomas J. Ray, City Counselor, Edward J. Hanlon, Craig Higgins, St. Louis, MO, for respondent.

MARY K. HOFF, Chief Judge.

Wafa Hamdan (Appellant) appeals from the trial court's amended judgment and order (judgment) dismissing Appellant's Petition for Replevin and for Conversion of Personal Property (Petition). She claims the trial court erred in granting the motion to dismiss, in denying leave to amend the Petition, and in quashing a deposition notice served by Appellant. We reverse and remand.

In September 1997, Appellant filed the Petition naming as defendants: the Board of Police Commissioners for the City of St. Louis (Board); Anne Marie Clark, Robert Haar, Jeffrey Jamieson, and Wayman Smith III in their official capacities as Commissioners on the Board and Mayor Clarence Harmon in his capacity as Ex–Officio Member of the Board (Commissioners); Chief Ronald Henderson, in his capacity as Chief of Police for the St. Louis Metropolitan Police Department (Department); Lt. Colonel James Hackett, individually and in his capacity as Bureau Commander and police officer for the Department; and Daniel Wagner, Detective James Long, and Major Robert M. Zambo, Jr., individually and in their capacities as police officers for the Department (all referred to as Defendants). The lawsuit arises out of Defendants' seizure of personal property from a bank safe deposit box allegedly held in Appellant's name. In relevant part, Appellant alleged she had unsuccessfully demanded return of the property and the property had not been involved in "any criminal enterprise" or "the subject of any forfeiture proceeding." Appellant further alleged the property was "stolen or converted or sold" by Defendants. For her replevin claim, Appellant sought return of the property or, if that was not possible, a money judgment. For

her conversion claim, Appellant sought monetary relief, including exemplary damages. Defendants filed an answer.

Appellant noticed one or more of Defendants' designees for deposition. The trial court granted Defendants' motion to quash that deposition notice. Defendants subsequently filed a motion to dismiss urging Appellant failed to state a claim upon which relief may be granted. In relevant part, Defendants contended the claims were time-barred under Section 516.120 RSMo 1994.[1] The trial court granted the motion to dismiss. Appellant then filed a Motion for Leave to Amend Petition (motion to amend). The trial court denied the motion to amend, and subsequently amended the dismissal only to designate it a "Judgment and Order." This appeal followed.

In her first point, Appellant contends the trial court erred in granting the motion to dismiss because Defendants' failure to return the property after determining it was not needed as evidence and was not the subject of forfeiture entitled Appellant to relief under various theories.

■ In reviewing the dismissal of a petition for failure to state a claim,[2] including a dismissal due to the bar of a statute of limitations, we assume as true every fact pleaded and construe the allegations favorably to the petitioner. *Kennedy v. Microsurgery and Brain Research Inst.*, 18 S.W.3d 39, 42 (Mo.App.E.D.2000). A motion to dismiss based on an affirmative defense may be sustained, if the defense is irrefutably established by the petition. *Lehnig v. Bornhop*, 859 S.W.2d 271, 271–72 (Mo.App.E.D.1993).

■ The five year statute of limitations period set forth in Section 516.120 applies to replevin and conversion actions for per-

sonal property. *Empiregas, Inc. of Palmyra v. Zinn*, 833 S.W.2d 449, 450 (Mo. App.E.D.1992) (replevin and conversion claims subject to Section 516.120 RSMo 1986, which is identical to the 1994 version of the statute); *Castelli v. City of Bridgeton*, 792 S.W.2d 909, 910 (Mo.App.E.D. 1990) (replevin claim subject to Section 516.120 RSMo 1986, which is identical to the 1994 version of the statute). On appeal, the parties do not dispute that this is the statute of limitations applicable to Appellant's claims.

When that limitations period started is the only question. Defendants urge the statute began to run on the date of the seizure by the police in January 1991 or more than five years before Appellant filed the Petition in 1997. Appellant argues the limitations period did not begin to run until after the police no longer needed the property in October 1993 as indicated by an exhibit attached to the Petition and dated October 6, 1993, which notes the property was held as evidence under a Property Custody Voucher dated January 30, 1991, and "[c]an [b]e [d]isposed of."

■ For purposes of replevin and conversion claims regarding personal property, the statute of limitations does not begin to run until the damage is sustained and is capable of ascertainment. *Id.* at 450–51. Considering only the Petition, as we must on this issue, any damage from the seizure and holding of the property by the police was sustained and capable of ascertainment no earlier than October 6, 1993. That was the date, the Petition reflects, on which the police indicated the property was no longer needed as evidence. Appellant filed the Petition less than five years after that date. Because the Petition does not irrefutably establish the replevin and

---

1. All subsequent statutory citations are to RSMo 1994 unless otherwise indicated.

2. We review the trial court's disposition of the case as a dismissal on the pleadings because there is no indication of record that the trial court gave the parties notice "it intended to

review the pleadings and [other documents submitted with the motion to dismiss] as a summary judgment." *City of Chesterfield v. DeShetler Homes, Inc.*, 938 S.W.2d 671, 673 (Mo.App.E.D.1997).

conversion claims are time-barred, the trial court erred in dismissing the Petition.

Point one is sustained. We reverse the dismissal and remand the matter for further proceedings consistent with this opinion.

In her second point, Appellant argues the trial court erred and abused its discretion in denying her leave to amend the Petition to cure any inadequacy prior to entering judgment for Defendants. In her third point, Appellant contends the trial court erred in quashing the notice of deposition directed to Defendants' designee because Appellant was entitled to require Defendants to produce for deposition a knowledgeable person or persons.

Due to the general remand, we will not address these points. *See Martin v. City of Washington*, 848 S.W.2d 487, 491 (Mo. banc 1993) (reversal of dismissal and remand "makes it unnecessary to consider plaintiffs' contention that the trial court should have allowed … the opportunity to amend"); *Pinkston v. Ellington*, 845 S.W.2d 627, 629 (Mo.App.E.D.1992) (general remand allows the amendment of pleadings and the production of new facts).

The judgment is reversed and this matter is remanded for further proceedings consistent with this opinion.

KATHIANNE KNAUP CRANE, Judge, and BLACKMAR, Senior Judge, concur.